## BRANDAW v. UNITED STATES. *

Circuit Court of Appeals, Ninth Circuit. Oct. 14, 1929.

No. 5748.

B. A. Green, of Portland, Or., and E. J. McAlear, of Hillsboro, Or., for appellant.

George Neuner, U. S. Atty., and Francis E. Marsh, Asst. U. S. Atty., both of Portland, Or.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. As guardian of the person and estate of Charles E. Brandaw, an incompetent, herein referred to as the appellant, Louis Brandaw brought this action to recover in favor of his ward upon a policy of war risk insurance. The appeal is taken from a judgment entered upon a verdict rendered in favor of the government, and the only assignment is of the failure of the trial court to give a requested instruction hereinafter referred to. Appellant was in the army for the short period from August 25, 1918, to October 21, 1918, and the policy sued upon lapsed November 30, 1918. The only issue before the jury was whether appellant became permanently and totally disabled while the policy was in force; namely, from August 28, 1918, to November 30th of the same year. There was evidence to the effect that at the time of his enlistment he was examined, and was then apparently in sound physical condition, but, having had an epileptic fit a few days after he entered the service, he was immediately given a thorough examination, and his history in respect to this disease was investigated. It was then concluded that it was a case of congenital epilepsy from which he had suffered for many years, and accordingly he was discharged from the service as being physically unfit. He thereupon permitted his insurance to lapse.

The requested instruction that the court declined to give was as follows:

"You are instructed that under the law every enlisted man, or any other member employed in the active service under the war department or navy department, who was discharged prior to July 2, 1921, and who was in active service on or before November 11, 1918, shall be conclusively held and taken to have been in a sound condition when examined, accepted and enrolled for service, except as to defects, disorders and infirmities made of record in any manner by proper authorities of the United States at the time or prior to inception of active service. The law further provides that any ex-service man, who is shown to have had, prior to January 1, 1925, a neuro-psychiatric disease, which developed a 10% degree of disability shall be presumed to have acquired his disability in such service between April 6, 1917, and July 2, 1921, but said presumption shall be rebuttable by clear and convincing evidence. It is admitted that this man was suffering from a neuro-psychiatric disease prior to January 1, 1925, and developed more than a 10% decree of disability from the date of his discharge, and it is a question of fact for you to determine whether or not the presumption which the law provides has been rebutted in this case by clear and convincing evidence."

In declining the request, the court was probably unadvised of an important change made in section 200 of the World War Veterans' Act by the amendment of July 2, 1926 (44 Stat. part 2, p. 793). We say that probably such is the case because in the brief of neither party filed here is cognizance taken of the change. Prior to this amendatory act, the section declared that, "For the purposes of this section" (43 Stat. 616, 38 USCA § 471) every officer or enlisted man "shall be

* Rehearing denied December 17, 1929.

conclusively held and taken to have been in sound condition when examined, accepted, and enrolled for service," with certain exceptions immaterial here. The act is divided into "parts." Part 3 has to do with "insurance," and the subject of part 2, in which section 200 is found, is "Compensation and Treatment." It might well be concluded therefore that as the section stood prior to 1926 (Act of June 7, 1924, c. 320, 43 Stat. 615; Act of March 4, 1925, c. 553, 43 Stat. 1304, 38 USCA § 471), the presumption it created was restricted to claims for compensation, and did not extend to cases of insurance. But by the 1926 amendment the phrase above quoted was changed so as to read, "For the purposes of this act," thus making the presumption applicable to both classes of claims. It would seem to follow as of course that plaintiff was entitled to his request, and no instruction of like character was given.

There is some doubt whether exception was seasonably noted, but, in view of the meagerness of the record on the subject, we resolve the doubt in the appellant's favor. The purpose of the rule is that the court may by the exception be given an opportunity to correct an error, if one was made, and apparently here such opportunity was afforded.

Reversed.