### MULIVRANA v. UNITED STATES.
### No. 6054.

Circuit Court of Appeals, Ninth Circuit.

June 20, 1930

Graham K. Betts, of Seattle, Wash., and Alvin Gerlack, of San Francisco, Cal., for appellant.

Anthony Savage, U. S. Atty., DeWolfe, Asst. U. S. Atty., and Lester E. Pope, Regional Atty., U. S. Veterans' Bureau, all of Seattle, Wash.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge.

This was an action on a policy of war risk insurance. From a judgment of nonsuit, the plaintiff has appealed. The appellant entered the military service of the United States in July, 1917; applied for and was granted war risk insurance, in the amount of $10,000, in October, 1917, and was discharged from the service in August, 1919. No premiums were paid after his discharge, so it is conceded that there can be no recovery under the policy unless the appellant became totally and permanently disabled, within the meaning of the law, prior to October 1, 1919.

An extended review of the testimony seems unnecessary. One of the physicians and surgeons at the Cushman Hospital examined and treated the appellant at various times between 1921 and 1923. He testified that in 1921 he treated the appellant for pulmonary tuberculosis, active, and moderately advanced; that at that time he considered the appellant totally disabled from following any substantially gainful occupation, and was of opinion that the disability would continue throughout his life. A further examination of the appellant was made by the witness shortly before the trial, and his condition was found to be about the same, except the tuberculosis was more advanced. The testimony of this witness was corroborated by other medical testimony, based on examinations made from time to time thereafter, and by the testimony of lay witnesses who had worked and associated with the appellant. The testimony thus offered was ample to support a finding that the appellant was totally and permanently disabled as early as the date of the examination in 1921, and it only becomes necessary to bridge the gap between the date of this examination and the date when the policy lapsed.

The appellant testified that, while in the service, he was operated on for a hernia and received an injury to his foot and leg, but we do not understand that any claim is made that either the operation or the injury then received resulted in permanent or total disability. He further testified that he was gassed in June, 1918; that from that time on he was treated for lung trouble in different hospitals in France, and that his condition after leaving the service was about the same as before. After his discharge from the army he returned to his home at Newcastle, Wash., and was there treated by a physician for lung trouble and fever every night and day, but for what period the record does not disclose. The testimony of this physician should be of the utmost importance to either the government or the appellant, as it was based upon examinations made at or about the time the policy lapsed, but he was not called as a witness, for the apparent reason that he could not be located. Possibly, his testimony may be produced on a retrial of the action.

For about a year, beginning in October, 1919, the appellant worked intermittently in a coal mine. He testified that during that period he worked about three days a week. On cross-examination, he was asked if it was not a fact that from October, 1919, to October, 1920, he had worked about 266 days, and the answer was, "I don't believe I did." Counsel and the court below seem to attach considerable importance to this answer, construing it as a tacit admission that the appellant had worked for about the period stated. We do not think that this is a just inference from the testimony. There was no testimony whatever that the appellant worked 266 days, or for any period except about half time, as admitted by him. It may be conceded that he was very indefinite and uncertain as to the period during which he was actually employed, but this uncertainty would not warrant a finding based on no testimony at all. Aside from the indefinite and rather ambiguous answer to the above question, the testimony tends strongly to show that the appellant was unable to work continuously during that period.

█ The nature of the malady from which the appellant was suffering makes it reasonably certain that the condition found upon the examination in 1921 had existed for some period prior thereto, and the claim of the appellant is further fortified by the conclusive presumption that the disability was incurred while in the service. 38 USCA § 471; Brandaw v. United States, 35 F.(2d) 181.

█ In view of all the circumstances, therefore, we are convinced that the testimony offered by the appellant presented an issue of fact for the jury, and not a question of law for the determination of the court. The judgment of nonsuit is reversed and the cause is remanded for a new trial.