## DUNLAP v. UNITED STATES.

### No. 1057.

District Court, D. Idaho, N. D.

Aug. 27, 1930.

Hawley & Worthwine, of Boise, Idaho, for plaintiff.

H. E. Ray, U. S. Dist. Atty., and Ralph R. Breshears, Asst. U. S. Dist. Atty., both of Boise, Idaho, for the United States.

CAVANAH, District Judge.

This is an action on a policy of war risk insurance which resulted in a verdict for the plaintiff. Defendant moves for a new trial upon the grounds that the evidence is insufficient to support the verdict, and that error was made in sustaining the motion of plaintiff to strike out the admissions made by plaintiff relative to his asthmatic condition prior to enlistment.

The province of the court on a motion for a new trial, where the question is presented as to the sufficiency of the evidence, is to decide whether the plaintiff has introduced evidence sufficient to support a verdict in his favor, not whether, on all the evidence, the prepondering weight is in his favor, as that is the duty of the jury.

The case was submitted fairly to the jury, and there appears ample evidence to sustain their verdict, as testimony was given in plaintiff's behalf that he became permanently and totally disabled while his contract of insurance was in force. Where substantial conflict appears in the evidence, as it does in this case, it becomes the province of the jury to weigh and give credence to it as their judgment dictates. They should decide the facts, and the court should hesitate before nullifying their acts where it appears, as here, that substantial evidence sustains their verdict. The verdict must be manifestly and palpably against the evidence before it should be set aside. That, I cannot say appears from the record.

As to the contention that error was committed in striking testimony relative to plaintiff's condition prior to his enlistment, it will be remembered that, under the statute and the decision of the Ninth Circuit Court of Appeals, there was at the time of the trial the conclusive presumption that plaintiff was in good health at the time of his entry with the military service. Brandaw v. U. S., 35 F.(2d) 181. This presumption of good health precludes the offering of any testimony that would show that plaintiff's condition was otherwise, and it cannot be overcome by attempting to show that he had asthma seven years prior to the time he passed a perfect physical examination when received in the army. Any evidence offered, as to one's physical condition not being good prior to such enlistment, is incompetent under the statute and the decision in the case of Brandaw v. U. S., supra. It is further urged in this respect that a new trial should be granted because, under the recent acts of Congress of July 3, 1930 (38 USCA § 471) amending the statute, the conclusive presumption of good health is removed, and that on a new trial defendant will be permitted to introduce the evidence stricken. Of course this case was tried under the rules of evidence in force at

the time of the trial, and any change in the statute since the trial would not govern or apply to rulings and admissibility of evidence occurring at the trial.

From the view I take of the evidence, and the ruling as to the admissibility of the evidence referred to, the motion for a new trial will be denied.