## GLAZOW v. UNITED STATES.
### No. 398.

Circuit Court of Appeals, Second Circuit.
June 1, 1931.

Olcott, Holmes, Glass, Paul & Havens, of New York City, for appellant.

George Z. Medalie, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

Appellant held a $5,000 war risk insurance policy while in the army service. He paid monthly premiums thereon up to and including February, 1919. He entered the military service August 27, 1918, and was discharged January 22, 1919. Within three months after his entrance in the service, he contracted a tubercular condition, suffered from night sweats, dizziness, coughing, and spitting up green sputum and streaks of blood, and had pains in his chest. The record of the War Department shows that he was sick while in the service, and, when he left the service, he continued to suffer from this malady. The physician who treated him said that in 1919 he diagnosed his case as pulmonary tuberculosis, and that it was past the incipient stage; he was in the moderately advanced class in 1919. A specialist in tuberculosis, examining him for the appellee in 1923, said that he was totally disabled, suffering from tuberculosis, and that he believed he could not recover. The testimony clearly establishes appellant's claim of total disability suffering from tuberculosis.

Section 400 of the Act of October 6, 1917 (40 Stat. 409), provides for granting insurance against death or total and permanent disability of one employed in the active service in the War or Navy Department for not less than one thousand or more than ten thousand dollars upon the payment of premiums as fixed. Section 200 of the World War Veterans' Act of 1924 as amended by section 7 of the Act of July 2, 1926 (44 Stat. 793 [38 USCA § 471]), provides that "for the purposes of this act every * * * enlisted man * * * employed in the active service under the War Department * * * who was discharged or who resigned prior to July 2, 1921 * * * shall be conclusively held and taken to have been in sound condition when examined, accepted, and enrolled for service; * * * Provided, That an ex-service man who is shown to have or, if deceased, to have had, prior to January 1, 1925 * * * an active tuberculosis disease * * * developing a 10 per centum degree of disability or more in accordance with the provisions of subdivision (4) of section 202 of this Act, shall be presumed to have acquired his disability in such service between April 6, 1917, and July 2, 1921, or to have suffered an aggravation of a preexisting * * * tuberculosis * * * in such service between said dates, and said presumption shall be conclusive in cases of active tuberculosis disease. * * * *"

[2] With the appellant found suffering from a tuberculosis condition at the time he testified to, and with the aid of the presumption of the statute, it is reasonably certain that the condition existed for some period prior to 1919, and it is conclusively presumed that the disease of tuberculosis from which he was suffering was acquired while he was in the military service of the United States. Brandaw v. United States, 35 F.(2d) 181; Mulivrana v. United States, 41 F.(2d) 734 (C. C. A. 9).

The World War Veteran's Act is to be liberally construed in favor of the veterans. White v. United States, 270 U. S. 175, 46 S.

Ct. 274, 70 L. Ed. 530; United States v. Cox, 24 F.(2d) 944 (C. C. A. 5). In this state of the proof, the verdict should have been directed for the appellant, for he was totally and permanently disabled on January 22, 1919, when discharged.

Judgment reversed.