## UNITED STATES v. WINKLER.
### No. 9085.

Circuit Court of Appeals, Eighth Circuit.

Aug. 10, 1931.

J. H. Fraine, Regional Atty., U. S. Veterans' Bureau, of Minneapolis, Minn. (Wil-

liam L. Vandeventer, U. S. Atty., and Claude E. Curtis, Asst. U. S. Atty., both of Kansas City, Mo., and William Wolff Smith, Gen. Counsel, U. S. Veterans' Bureau, and Bayless L. Guffy, Atty., U. S. Veterans' Bureau, both of Washington, D. C., and Vergil E. Willis, Atty., U. S. Veterans' Bureau, of Kansas City, Mo., on the brief), for the United States.

George W. Meyer, of Kansas City, Mo., for appellee.

Before KENYON and BOOTH, Circuit Judges, and DEWEY, District Judge.

BOOTH, Circuit Judge.

This is an appeal from a judgment on a war risk insurance contract.

Appellee, plaintiff below, entered the United States Army on March 26, 1917, and was honorably discharged October 19, 1918, on a surgeon's certificate of disabilities. While in the military service, plaintiff was granted insurance in the sum of $10,000, which was concededly in force until December 31, 1918. The insurance contract provided for payment of installments of $57.50 per month in case of permanent and total disability occurring while said contract was in effect.

The present suit was brought November 7, 1928, to recover total permanent benefits under said contract of insurance, a disagreement existing between plaintiff and the United States Veterans' Bureau as to plaintiff's rights under said contract.

A jury was duly waived, and the case was tried to the court. Judgment was rendered for plaintiff for both past and future benefits, and an attorney's fee was fixed, based upon the total benefits.

The court made findings of fact as the basis for its judgment to the effect that in October, 1918, while the contract of insurance was in force and effect, plaintiff was suffering from active tuberculosis of the spine, and was totally and permanently disabled.

These findings are challenged as without basis in the record.

It becomes necessary, therefore, to examine the evidence briefly. It stands undisputed that the Veterans' Bureau rated plaintiff, with reference to active tuberculosis of the spine, as follows: "No disability from date of discharge to November 27, 1922; Temporary Total from November 28, 1922, to March 26, 1925; Permanent and Total from March 27, 1925." There is substantial evidence tending to prove that in October, 1919, plaintiff was suffering from active tuberculosis of the lungs and that the disability at that time was total. There is substantial evidence tending to prove that during the period from October 19, 1918 (the date of discharge), to 1920, plaintiff suffered with pain in his back, hips and legs; that he had shooting pains in his legs; that he wore a brace; that he did not stand erect; that he walked with a limp; that he weaved about while walking; that he was nervous, weak and thin; that the pain in his back continued to grow worse; that later on a large abscess formed on his back, which was drained of pus for a considerable period. There is substantial evidence tending to prove that by reason of the condition just described, plaintiff was totally disabled at the time of his discharge and thereafter. There is substantial evidence tending to prove that the total disability which existed while plaintiff was yet in the service was founded upon conditions which were reasonably certain to continue throughout the lifetime of the plaintiff.

The trial court found, however, that there was not sufficient evidence in the record to support a finding that plaintiff was suffering from active tuberculosis of the spine prior to 1920. But the plaintiff, to meet this lack of direct evidence, called to the court's attention the presumption contained in section 200 of the World War Veterans' Act, as amended by Act July 2, 1926, § 7 (44 Stat. 790, 793 [38 USCA § 471]), which reads in part as follows: "That for the purposes of this Act every such officer, enlisted man, or other member employed in the active service under the War Department or Navy Department who was discharged or who resigned prior to July 2, 1921, and every such officer, enlisted man, or other member employed in the active service under the War Department or Navy Department on or before November 11, 1918, who on or after July 2, 1921, is discharged or resigns, shall be conclusively held and taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, disorders, or infirmities made of record. * * * Provided, That an ex-service man who is shown to have or, if deceased, to have had, prior to January 1, 1925, * * * an active tuberculosis disease * * * developing a 10 per centum degree of disability or more in accordance with the provisions of subdivision (4) of section 202 of this Act shall be presumed to have acquired his disa-

bility in such service between April 6, 1917, and July 2, 1921 * * * and said presumption shall be conclusive in cases of active tuberculosis disease. * * * "

The court, giving effect to the statutory presumption, by virtue of the rating given to plaintiff by the Veterans' Bureau, held that plaintiff was afflicted with active tuberculosis of the spine before he was discharged from service; and that the presumption of the statute in connection with the other evidence in the case established that plaintiff was suffering from total and permanent disability while his war risk insurance contract was still in force.

We think it must be conceded that the holding of the trial court was right if the statute referred to is applicable to the case.

The original World War Veterans' Act (43 Stat. 607) contained several parts: title 1, general provisions; title 2, compensation and treatment; and title 3, insurance.

In title 2 appeared section 200, reading in part as follows: "That for the purposes of this *section* every such officer * * * " (see quotation above).

On July 2, 1926, section 200 was changed in that the first sentence above quoted was amended so as to read: "That for the purposes of this *Act* every such officer," etc. On July 3, 1930, section 200 was again amended as to the first sentence above quoted so as to read: "That for the purposes of this *section and section 304* every such officer," etc. (46 Stat. 991, 995 [38 USCA § 471]). Section 304 of the original act was under title 3 and had reference to reinstatement of insurance policies.

It is the government's contention that the amendment of 1926 did not so amend the original act by the insertion of the word "act" in place of "section" as to bring insurance cases, such as the present, within the presumption clause of section 200; but that the amendment had reference only to section 304 (38 USCA § 515) outside of the particular provisions of section 200. To sustain this contention, government counsel rely upon the following statement contained in a Senate Committee Report at the time of the further amendment of section 200 in July, 1930, when the word "act" was eliminated and the word "section" restored: "The word 'act' was substituted for the word 'section' in the amendment to the World War Veterans' Act dated July 2, 1926, in order to enable veterans to reinstate insurance under section 304 of the Act, and show for that purpose that the disease from which they were suffering at the time of attempted reinstatement was of service origin. It was not intended by the change to enable a veteran in a suit on Government insurance to establish for the purposes of the suit that the disability on account of which the same was based was of service origin." (Report No. 885).

If resort is to be had to committee statements as authority, we might refer to the statement of the Senate Committee, when the change was made in 1926 substituting the word "act" for the word "section," as indicating the breadth of the amendment. The statement contains the following: "Section 7 of this bill [H. R. 12,175] also amends section 200 of the World War Veterans' Act of 1924 by extending the presumption of good health at enlistment to all classes of cases arising under the act. This presumption has heretofore been limited to compensation claims." (Report No. 1105).

Plaintiff relies upon decisions of the Circuit Court of Appeals of the Ninth Circuit [Brandaw v. United States, 35 F.(2d) 181; Mulivrana v. United States, 41 F.(2d) 734], and of the Tenth Circuit [Runkle v. United States, 42 F.(2d) 804], holding that the amendment of 1926 inserting the word "act" so changed the original section of 1924 as to include within its presumption insurance cases such as the one at bar. See, also, Glazow v. United States (C. C. A.) 50 F.(2d) 178.

In the Brandaw Case the court said: "Prior to this amendatory act, the section declared that, 'For the purposes of this section' (43 Stat. 616, 38 USCA § 471) every officer or enlisted man 'shall be conclusively held and taken to have been in sound condition when examined, accepted, and enrolled for service,' with certain exceptions immaterial here. The act is divided into 'parts.' Part 3 has to do with 'insurance,' and the subject of part 2, in which section 200 is found, is 'Compensation and Treatment.' It might well be concluded therefore that as the section stood prior to 1926 (Act of June 7, 1924, c. 320, 43 Stat. 615; Act of March 4, 1925, c. 553, 43 Stat. 1304, 38 USCA § 471), the presumption it created was restricted to claims for compensation, and did not extend to cases of insurance. But by the 1926 amendment the phrase above quoted was changed so as to read, 'For the purposes of this act,' thus making the presumption applicable to both classes of claims."

This court, in the case of United States v. Le Duc, 48 F.(2d) 789, 793, said: "Doubt-

less what counsel had in mind was to show by medical testimony that the insured was suffering from active tuberculosis prior to January 1, 1925, hoping to invoke the presumption created by section 471, title 38, USCA, which provides, among other things, that an ex-service man who is shown to have had, prior to January 1, 1925, an active tuberculosis disease developing a 10 per centum degree of disability or more, in accordance with the provisions of subdivision 4 of section 202 of the act (38 USCA § 474), should be presumed to have acquired his disability in such service between April 6, 1917, and July 2, 1921, such presumption being conclusive in cases of active tuberculosis. Although a matter of considerable doubt in our minds, this provision of the statute has been held to apply to insurance cases as well as compensation cases. United States v. Eliasson (C. C. A.) 20 F.(2d) 821; Brandaw v. United States (C. C. A.) 35 F.(2d) 181; Runkle v. United States (C. C. A.) 42 F. (2d) 804."

We have read and carefully considered the opinon of the Circuit Court of Appeals of the Fourth Circuit in the case of United States v. Searls, 49 F.(2d) 224, in which a conclusion is reached contrary to the one reached in the cases above cited. We are, however, unable to agree with the conclusion reached in the Searls Case for two reasons: First, we are not inclined to give to the remarks of the Finance Committee of the Senate made in 1930, relative to the 1926 amendment to the World War Veterans' Act, the decisive weight which is accorded to those remarks by the opinion in the Searls Case; second, the conclusion in the Searls Case is predicated, to a considerable extent, upon the assertion that the presumption raised by the 1926 amendment is confined to "the purposes of the Act," and the assumption is then made that *the act* referred to is the amendatory Act of 1926, and that the amendment, therefore, has a narrow scope. We are of the opinion, however, that the language, "That for the purposes of this Act," contained in section 200, as amended in 1926, refers not to the amendatory act but to the World War Veterans' Act itself; and that the amendment is accordingly as broad as the purposes of that act, which included insurance claims as well as compensation claims.

We think the trial court was correct in applying the statutory presumption as it did.

The judgment as entered in the trial court is not in harmony with the ruling in the Worley Case, 281 U. S. 339, 50 S. Ct. 291, 74 L.

Ed. 887, same case (C. C. A.) 42 F.(2d) 197, 202, in respect to future installments and in respect to attorneys' fees based upon future installments. Corrections should be made in the judgment in these respects.

The cause is accordingly remanded for modifying the judgment by making the corrections indicated, and the judgment as so modified is affirmed.