## UNITED STATES v. NOLAN.

### No. 9115.

Circuit Court of Appeals, Eighth Circuit.

Feb. 26, 1932.

A. B. Lovan, Asst. U. S. Atty., of Kansas City, Mo. (William L. Vandeventer, U. S. Atty., and Harry L. Thomas, Asst. U. S. Atty., both of Kansas City, Mo., and William Wolff Smith, Gen. Counsel, U. S. Veterans' Bureau, and Bayless L. Guffy, Atty. U. S. Veterans' Bureau, both of Washington, D. C., and V. E. Willis, Atty., U. S. Veterans' Bureau, of Kansas City, Mo., on the brief), for the United States.

Lawrence E. Goldman and Frank R. Daley, both of Kansas City, Mo., for appellee.

Before KENYON and GARDNER, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge.

The appellee recovered judgment upon his policy of war risk insurance, and the government has appealed.

There is no question as to his entry into and discharge from the Army and the issuance of a policy in the sum of $10,000. The case was unavailingly tried twice to juries, whereupon the parties waived in writing a trial to a jury and submitted the cause to the court. The sole issue was whether appellee was totally and permanently disabled when discharged from the Army on June 3, 1919.

The Court found such issue for the appellee and awarded judgment for all matured installments. The Court necessarily found that the appellee was totally and permanently disabled at the time of his discharge from the Army on June 3, 1919. In order to do this, however, the presumptions of section 200 of the World War Veterans' Act, now section 471, title 38, U. S. Code (now 38 USCA § 471) relating to the subject of pensions, bonuses and veterans' relief, were applied. Applicable portions of this section, as it was amended on July 2, 1926 (44 Stat. 793, § 7), are as follows:

"That for the purposes of this Act every such * * * enlisted man * * * employed in the active service under the War Department * * * who was discharged * * * prior to July 2, 1921, and every such * * * enlisted man * * * employed in the active service under the War Department * * * on or before November 11, 1918, who on or after July 2, 1921, is discharged * * * shall be conclusively held and taken to have been in sound condition when examined, accepted, and enrolled for service. * * *

"Provided, That an ex-service man who is shown to have or, if deceased, to have had, prior to January 1, 1925, * * * an active tuberculosis disease * * * developing a 10 per centum degree of disability or more in accordance with the provisions of subdivision (4) of section 202 of this Act shall be presumed to have acquired his disability in such service between April 6, 1917, and July 2, 1921, * * * and said presumption shall be conclusive in cases of active tuberculosis disease."

The court found that the appellee was totally disabled by an active tuberculosis disease on or prior to January 1, 1925.

In applying the presumptions of the above statute, the court said: "This man was totally disabled on January 1, 1925. I am compelled by this statute to say that he was presumed to have acquired a total and permanent disability in the service. Then I think I am compelled to say that on June 3, 1919, he was totally and permanently disabled. I think that the statute means that degree of disability which he had on January 1, 1925, must be treated as having been acquired in the service and to have continued thereafter. * * * "

"I conclude as a matter of law from the facts found and from the conclusive presumption referred to in section 200 of the World War Veterans' Act, that the disability of the plaintiff if existing before January 1, 1925, and arising from an active tubercular disease, was acquired during his military service, that he is entitled to recover in this case from the date (of discharge). * * * "

In a special finding of facts the court said that the appellee "was totally and permanently disabled by reason of active pulmonary tuberculosis" from and after June 1, 1921, and "that between June 3, 1919, and June 1, 1921, the plaintiff did work continuously at a substantially gainful employment without serious interruption in his work and without serious intermission in the other sense that occurs in the work of the ordinary individual, and that during that period he earned substantial sums."

The court further found "as a fact that during the period last mentioned between June 3, 1919, and June 1, 1921, the plaintiff not only worked continuously at a substantially gainful employment, but that he was able to do so without seriously jeopardizing his health and endangering his life."

It will be observed from the foregoing that the issue raised by the pleadings was the physical condition of the appellee on June 3, 1919. On that date it was asserted by him that he was totally and permanently disabled. No premiums on his insurance were paid subsequent to his discharge from the Army on said June 3, 1919, and therefore, in order to warrant recovery upon the pleadings, his permanent and total disability must have existed at that time.

◼ 1. While the different circuits are not in agreement, yet this circuit in United States v. Winkler (C. C. A.) 52 F.(2d) 369, in a well-considered opinion by Judge Booth, has sustained the applicability to war risk cases of the presumptions provided for in section 200 World War Veterans' Act as amended (section 471, title 38 of the United States Code [38 USCA § 471]). In doing so, attention was called to the language of the orig-

inal act which limited its effect to said section but by an amendment of July 2, 1926, it was made applicable to the entire act, including war risk insurance. A still later amendment to wit, July 3, 1930 (section 11 [38 USCA § 471]), again limited the presumptions to said section 200 and section 304 of the original Act (38 USCA § 515 note).

2. In holding such presumption applicable in cases of suits on policies of war risk insurance, it was not determined, however, that the same degree of disability found to have existed on January 1, 1925, must have existed at date of origin. The degree would still remain a matter of proof. The Circuit Court of Appeals in the case of United States v. Le Duc, 48 F.(2d) 789, loc. cit. 793, considered this identical question, and ruled as follows: "The presumption invoked, assuming it to be applicable, goes to the source and time of acquiring the disability, and not to the degree, extent, or permanency of the disability acquired. If, therefore, full effect be given the presumption, it cannot be said that it has the effect of supplying proof of permanent and total disability during the life of the policy."

By adverting to the conclusions of law announced and applied by the trial court, it will be observed that the presumption was used to supply conclusive proof of permanent and total disability during the life of the policy, although it was specially found as a fact that the appellee was not permanently and totally disabled prior to June 1, 1921, long after the policy had expired for nonpayment of premiums.

3. Appellee's motion to dismiss the appeal on the grounds that same was not taken within the time prescribed by law is without merit. Judgment was entered on June 21, 1930; a motion for a new trial was filed on June 24, 1930, and an order overruling said motion was made on June 30, 1930.

The order allowing appeal was dated September 19, 1930, and filed on September 20, 1930. The appeal was, therefore, taken within the time limited by section 230, title 28, United States Code (28 USCA § 230).

4. In like manner, appellee's complaint of appellant's assignments of error is without merit. Assignment numbered 2 is as follows: "2. The court erred over the exception of the defendant, in declaring and applying the conclusion of law that the presumption of section 200, if applicable, required the assumption that a permanent and total disability existing on and after June 1, 1921, existed in the same degree on June 3,

1919, the date of separation of the plaintiff from the service."

5. Appellee also complains that a proper bill of exceptions was not filed by the appellant. It is true the appellant did not include in its bill of exceptions a transcript of the testimony in the case. This was not necessary, as the complaint on appeal was limited to the court's conclusions of law based upon his construction of said section 471, title 38 of the United States Code (38 USCA § 471) and the special finding of fact hereinbefore set out.

In view of the foregoing, the judgment of the trial court should be reversed.