## MEYER v. UNITED STATES.
### No. 6778.

Circuit Court of Appeals, Fifth Circuit.
June 2, 1933.

510

Guy J. D'Antonio, of New Orleans, La., for appellant.

E. E. Talbot, U. S. Atty., and Jno. W. Harrell, Asst. U. S. Atty., both of New Orleans, La., for the United States.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Plaintiff, having suffered an adverse verdict in a war risk insurance suit, appeals from the judgment. The admission of certain evidence over his objection, and the granting and refusing of instructions are assigned as error. This is the record.

The suit was filed on June 23, 1931, nearly two years after the death of the veteran, and more than twelve years after the last premium had been paid on his war risk insurance contract. It is claimed that in May, 1919, Warren F. Meyer, while his policy was in force, became totally and permanently disabled. No direct testimony, lay or medical, that the veteran was in May, 1919, totally and permanently disabled, was offered. Plaintiff relied on the army medical record, showing that the veteran had been wounded in the right thigh and had contracted pneumonia while in the service; on the testimony of ten lay witnesses to the effect that when the veteran entered the service he was strong and vigorous, and when he came back in 1919 he was in failing health, pale, and weak, and looked like a sick man; that he could not do any continuous hard work; that he made his living as the keeper of a fishing club, selling shrimp and bait to the club members; that whenever he had any heavy work to do, like carrying a hundred pounds of ice, he would get someone to help him; that his condition got worse all the time; and on the testimony of three doctors. Dr. Roeling testified that on September 19, 1921, he examined the veteran and found that he had a cough, moist rales, and pains in the chest, and diagnosed his case then as "possible tuberculosis, chronic, incipient," small area, small source, small foci of infection at the apex of the left lung. That at that time the veteran was under treatment for other conditions. Dr. Bernhard testified that he examined the veteran on March 4, 1925, and found evidences of early or incipient tuberculosis, rales, slight dullness, and increased respiratory and voice sounds. That he again examined the veteran on March 13, 1925; the cough was better, the physical findings the same. On March 23, 1925, the cough was improved and the physical examination showed that the rales had lessened somewhat. This witness stated that whether a person with active tuberculosis could continually follow some substantially gainful occupation depended upon the individual; that he should not do so; if he does, in the majority of cases he will precipitate the end sooner than otherwise. Dr. Heninger testified that assuming that a person on February 5, 1919, had pneu-

monia in the right lobe and assuming that he was convalescing from that pneumonia until April 29, 1929, and assuming that he was examined in 1921 and the diagnosis was then moist rales, chronic, incipient tuberculosis, and in 1925 had active pulmonary tuberculosis, and in 1929 died with active pulmonary tuberculosis, he would say that in his opinion the man had tubercular pneumonia, and that from the beginning he had suffered from active pulmonary tuberculosis. He also testified that he would consider any person that had active tuberculosis disabled until his case had been clinically arrested.

The defendant relied on the army medical record, showing that the acute symptoms of pneumonia subsided in about ten days; that the patient convalesced satisfactorily and that on April 29th he was returned to duty reported as cured; on the same record showing the statement of the veteran six days prior to his discharge, that he had no reason to believe at that time that he was suffering from the effects of any wound, injury, or disease, or that he had any disability or impairment in his health; on the report of the medical board of May 3, 1919, that the veteran had been carefully examined and was then physically and mentally sound; on his discharge certificate that he was discharged May 8th by reason of demobilization, health good. On the opinion evidence of the witness Dr. Berenger, that as the result of pneumonia a person may develop a secondary condition with a long convalescence, but which would not establish a condition of tuberculosis; that he did not think the history of the veteran given him would establish that tuberculosis existed at the time of his discharge, though he would not say that it could not have existed; that he had made an examination of the veteran on March 30, 1921, and that he had no record of complaint or symptoms of tuberculosis; that his examination showed the veteran well developed, well nourished, heavily built, chest, heart, and lungs negative; that at the time of that examination he had been given no prior history.

Defendant offered, over plaintiff's objection that it was not adequately identified, and that because relating to a compensation claim, it was prejudicially irrelevant, the statement of the veteran made in his application for compensation March 30, 1921, that his occupation since his discharge in June, 1919, had been that of fisherman, with a monthly wage of $80.

■ Plaintiff, invoking Glazow v. U. S. (C. C. A.) 50 F.(2d) 178, took the position that this evidence, taken in connection with the statutory presumption that any one shown to have had, prior to January 1, 1925, an active tubercular disease developing a 10 per cent. degree of disability or more shall be conclusively presumed to have acquired his disability in the service, established, as matter of law, total and permanent disability while the policy was in force, and demanded a directed verdict in his favor. The district judge thought otherwise. He denied plaintiff's motion. We think he was right. In fact, there is more than a little question whether plaintiff's evidence made out a case at all. Pressed after the death of the veteran and after years of action of a directly contrary purport to the claim now advanced had passed, in the face of the army medical record and of conduct and admissions for many years following his discharge while he made his living working at a fishing club, the hours and duties of which were irregular, and at times exacting, the claim did not demand a verdict contrary to the one returned; it may be doubted whether it permitted it.

■■ Though the contract on which this suit was brought is an exceedingly liberal one in that it fixes no time limit for claiming under it and permits recovery at any time upon proof that total and permanent disability occurred within the life of the policy, it still compellingly requires such proof. It may be said generally that in suits brought as this one was, many years after the lapse of the policy, under facts like these a verdict may not stand where the inference on which it rests is the result of mere surmise or conjecture. It must rest on probabilities; not possibilities. U. S. v. Crume (C. C. A.) 54 F. (2d) 556.

■ Appellant has no just complaint of the action of the court in overruling his motion and permitting the case to go to the jury. His other complaints are not any better founded. The statement of the deceased that since June, 1919, he had been working as a fisherman, earning $80 a month was properly identified as his statement, both by its place in the compensation file and by the signature; it was relevant and material on the disputed issue in the case, whether in May, 1919, he became totally and permanently disabled, for what the policy insures against is inability to maintain himself by following a livelihood. U. S. v. Martin (C. C. A.) 54 F.(2d) 554, and while not conclusive against him, evidence that he did earn his livelihood is competent and most important evidence that he could.

■ This is not a case like Chrisman's was, 61 F.(2d) 673 (C. C. A.), of a prejudicial offer of proof that plaintiff was already receiving compensation. It is a case like Blair's was, 47 F.(2d) 109 (C. C. A.), of proof of facts inconsistent with the claim of total and permanent disability. All of the special charges requested by plaintiff, except request No. 6, to charge the statutory presumption as to service-connected disability, are argumentative generalizations drawn from opinions in war risk cases. Not one of them so applies the law to the facts of the case in hand as to require, or even justify, its being given in the form presented. It was not error to refuse them, especially since in the general charge to which no exception was taken the issues in the case were fairly and fully presented.

■ The remaining assignments may be briefly disposed of. Assignment No. 9, to the action of the court in charging the jury at the request of the defendant, that the statutory presumption as to service connection of disability applies only for compensation purposes, and not to war risk insurance, presents nothing for our consideration, because no exception was taken to any matter of law, either in the general charge of the court or in the special instructions granted by the court at the request of defendant. Assignment No. 4 presents error in the refusal of the court to give this charge:

"You are instructed that under the law every enlisted man, or any other member in the active service under the War Department or Navy Department, who was discharged prior to July 2, 1921, and who was in active service on or before November 11, 1918, shall be conclusively held and taken to have been in a sound condition when examined, accepted and enrolled for service, except as to defects, disorders, and infirmities made as of record in any manner of proper authorities in the United States at the time or prior to inception of active service. The law further provides that any ex-service man, who has shown to have had prior to January 1, 1925, an active turberculosis disease which developed a 10% degree of disability, shall be presumed to have acquired his disability in such service between April 6, 1917 and July 2, 1921, and said presumption shall be conclusive in cases of active tuberculosis decisions."

Plaintiff sought by it to bridge the gap in his testimony between 1921 when one of his witnesses testified to the presence of moist rales, chronic, incipient tuberculosis, and the failure of the proof, both of the army medical records and otherwise, to show the existence of active tuberculosis while the policy was in force. On the part of the government it was pointed out that by the Act July 3, 1930, § 200 [1] was again amended so as to restore the language of the Act of 1924, thus doing away with the confusion and difference of opinion theretofore existing as to the scope and effect of the 1926 amendment which had substituted the word "act" for "section." C/f U. S. v. Searls (C. C. A.) 49 F.(2d) 224; U. S. v. Le Duc (C. C. A.) 48 F.(2d) 789; Brandaw v. U. S. (C. C. A.) 35 F.(2d) 181; Glazow v. U. S. (C. C. A.) 50 F.(2d) 178; U. S. v. Winkler (C. C. A.) 52 F.(2d) 369.

Appellant takes the contrary view, asserting that the 1930 amendment has made no difference in the scope of the law.

■ We do not think it necessary to decide this question, for we think it plain that if the section is applicable to war risk insurance cases, it was wholly misleading and improper to charge it without the qualification that the presumption went only to the fact, and not to the extent of the disability, and that even though the jury found that a tubercular condition existed at the time of plaintiff's discharge, they could not find for plaintiff unless they also found that such condition was then total and permanent. The charge as requested, even if absolutely correct, given without such qualification could only mislead and confuse.

The judgment is affirmed.

---

[1] Section 200, Act of 1924, amended by Act of 1930 (38 USCA § 471):

"For * * * disability, resulting from * * * disease contracted in the military * * * service on or after April 6, 1917, and before July 2, 1921, * * * by any * * * enlisted man * * * the United States shall pay to such * * * enlisted man * * * compensation as hereinafter provided. * * * That for the purposes of this section and section 515 [304] of this title [1926 Amendment read 'for the purposes of this Act'] every such * * * enlisted man * * * who was discharged * * * prior to July 2, 1921 * * * shall be conclusively held and taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, disorders, or infirmities made of record: * * * Provided, That an ex-service man who is shown to have or, if deceased, to have had, prior to January 1, 1925 * * * an active tuberculosis disease * * * developing a 10 per centum degree of disability or more * * * shall be presumed to have acquired his disability in such service between April 6, 1917, and July 2, 1921 * * * and said presumption shall be conclusive in cases of active tuberculosis disease."