## JENNINGS v. UNITED STATES.
### No. 7407.

Circuit Court of Appeals, Fifth Circuit.
Nov. 10, 1934.

R. Douglas Feagin, of Macon, Ga., and O'Glen Ray, of Atlanta, Ga., for appellant.

T. Hoyt Davis, U. S. Atty., and A. Edward Smith, and H. G. Rawls, Asst. U. S. Attys., all of Macon, Ga., and Jos. H. San, Atty., Department of Justice, of New York City.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, a sufferer from bronchial asthma, brought this suit on a war risk insurance policy, claiming total and permanent disability at the date of his discharge and before his policy lapsed for nonpayment. The evidence shows that he lived in many places where he did various kinds of work until 1927, when he married; that thereafter his wanderings and his workings were more circumscribed. It is not questioned that during this whole period he has had some disability and that during all of it he has drawn compensation; it being an admission in the cause that he had enough compensation due him to have carried his policy to 1922. There is the usual contention that his work record disproves his disability, and the counter one that what he has been doing has not been really work, it has been merely a pretense of work under the guise of which charity has been extended to him, and that such work as he did do has been at the expense of injury to his health. Cf. United States v. Vineyard (C. C. A.) 71 F. (2d) 624.

Under a charge fully and fairly submitting the issues, and on a record amply sustaining the verdict, a jury found against appellant, on his claim of total and permanent disability. He is here assigning as reversible error, rulings on the admission of evidence. It cannot be doubted, in fact, appellant recognizes, that abstract inerrancy in the application of evidential rules is hardly possible, and never an essential to a valid trial, in the federal courts. He recognizes, too, that the burden he carries to secure a reversal for rulings on evidence requires more than a showing of nominal error. Community Natural Gas Co. v. Henley (C. C. A.) 54 F. (2d) 59. Cf. Wigmore, Vol. 1 (2nd Ed.) p. 201, et seq.

In the trial of a case in the federal court, the judge sits as an administrator. The discharge of his function requires the exercise of judgment and discretion. Especially is this true in the application and use of rules of evidence. Wigmore on Evidence, vol. 1 (2d Ed.) pp. 121, 122, 166, 167. Means, not ends, these rules serve to keep a trial within bounds, and, by eliciting and confining the case to the best evidence available, to bring the truth to light. Their proper application in the dramatic atmosphere of a jury trial demands of the judge as administrator the exercise of skill of the highest order, and a discretion which, though it may not be abused, is a wide one. When that discretion is exercised in admitting evidence on cross-examination over the objection that it is immaterial, that is, that it has no tendency to prove any of the tendered issues, there is a heavy burden on the complainant to show clearly, not only that the evidence was immaterial, but that it was an abuse of discretion to admit it. What is really complained of in that case is not the irrelevancy, but the prejudice. Miller v. Continental Shipbuilding Corporation (C. C. A.) 265 F. 158; Community Natural Gas Co. v. Henley, supra. When the evidence is admitted over the objection, not as above, that the evidence is collateral and extraneous to the issue, that though immaterial and irrelevant its effect is to mislead and prejudice, but that what is offered as evidence is not in form evidence, the trial judge's discretion is re-

strained within narrower bounds, the complainant's burden to show prejudice is less onerous.

Appellant claims both kinds of error here. He claims that there was error in permitting plaintiff [1] and his wife [2] to testify over the objections of irrelevancy and prejudice to plaintiff's compensation ratings and drawings. This testimony was admitted with the cautionary instruction to the jury, repeated in the charge, that compensation and insurance were entirely distinct, the drawing of one was no defense to the payment of the other. They were told that the evidence was admitted solely for the bearing it might have on whether plaintiff's working had been due to want of necessity, or to want of ability. He claims, too, that there was error in permitting Martin, employment manager for the Dalton Company, and keeper of its work records, to identify, and defendant, through him, to offer in evidence, a portion of plaintiff's employment and work record with the Dalton Adding Machine Company of Norwood, Ohio, from August 3, 1926 to December 7, 1926. This was offered over the objection as to the record of the doctor's findings [3] that it was "hearsay," not a part of any governmental record, and was inadmissible on any ground, and as to the weekly earnings record,[4] that "the issue is not whether plaintiff worked or not; that the witness says he didn't know plaintiff, and that there is no proof that the record is correct."

In assigning error on the evidence as to the receipt of compensation, appellant does not attack the way of its proving. He could not do so, for, if it was relevant, it was the best evidence on the point, coming, as it did, on cross-examination from those who had received and had had the benefit of it. The complaint is that the fact itself had no relevancy to the issue in the suit, and that it had a greatly prejudicial effect by causing the jury to offset the government's bounty to appellant against its obligation to him.

■ We think this evidence was relevant and that there was no error in the ruling. Evidence, inadmissible generally, or for a particular purpose, may be admissible for another. The objected to evidence is of that kind. Inadmissible as a defense to plaintiff's suit if he was in fact totally and permanently disabled, it was admissible on cross-examination in searching out whether in fact he was.

■ Brought years after his injury had occurred and he had ceased payments on his policy, plaintiff's suit affirmed, not merely that he was when the suit was brought, but that he has continuously been, totally disabled. To maintain this, he had to give an account, clear and consistent with his present claims, of all his actions and his nonactions, his conduct of affirmation and of negation, throughout the long period since his last policy payment. Defendant was entitled, if it could, to pierce the obscurities in which time and the unsatisfactory nature of the evidence relied on has involved plaintiff's claim by bringing into the light, not only his acts, but the motives which gave them rise. It had the right to ascertain, not only what the plaintiff had been doing about working, but why he had been doing it. When the plaintiff's failure to work was put forward as evidence of his disability, it was defendant's right on cross-examination to develop facts throwing light on what his failure to work was due to, whether to inability or to the lack of a felt necessity. Both in the admission of the evidence and in instructing on it in the charge, the trial judge made clear the limited purpose and effect of its admission. As so admitted and limited, there was no error. Taylor v. United States (C. C. A.) 71 F.(2d) 76; Rose v. United States (C. C. A.) 70 F.(2d) 68; Meyer v. United States (C. C. A.) 65 F.(2d) 509, 512.

■ We think appellee is right, too, that the admission was not reversible error because the evidence objected to brought no new matter into the case. It merely proved a little more in detail what, by the admission that compensation had paid the premiums up to

---

[1] He testified that he had drawn compensation since his discharge; his rating, ranging from partial, minimum of $10 to a maximum total in 1930 of $100, had averaged throughout hardly 50 per cent.

[2] She testified that since 1929 plaintiff had not worked at all, but his living had consisted of "what little compensation he draws"; that the largest had been $100, but that was now cut down under the Economy Act (38 USCA § 701 et seq.) to $45.

[3] On the back of plaintiff's signed application card, a part of the company's employment record in Martin's custody, appears the record of his physical examination made by Dr. Scott, now dead, the witness identifying his signature, showing no disease with heart and lungs O. K. application accepted.

[4] From the same record, plaintiff's weekly earnings card showing his earnings while working there was introduced through the same witness.

1922, and by the testimony offered without objection, plaintiff had already gotten in. Community Natural Gas Co. v. Henley, supra; Shwab v. Doyle (C. C. A.) 269 F. 321; United States v. Dudley (C. C. A.) 64 F.(2d) 743; U. S. v. Motory (C. C. A.) 71 F.(2d) 798.

The other errors assigned are of a different nature. They challenge the admissibility of the offered proof on the ground of its form. One of them, that to the admissibility of Dr. Scott's notations, is based on the wholesome and beneficial rule that hearsay, that kind of statement which does not admit of testing by cross-examination, is, unless within some recognized exception, inadmissible. The other, to the admission in evidence from the same records of plaintiff's weekly earnings card, asserts that the card is inadmissible because plaintiff's work earnings are not in issue, and because the card is not evidence for want of proof that the records were correctly kept.

We think the doctor's notations on the card were admissible as a part of the res gestæ of plaintiff's application for work. They were shown to have been made under circumstances making it reasonably apparent that they truly represented the facts they purported to set down. They are in effect declarations by plaintiff himself that he was fit and able to work. It appears clearly enough from plaintiff's signature on the reverse of the card, and from the oral testimony in the case, that plaintiff was required to and did furnish and submit a medical certificate as evidence of his ability, and as a basis of his right to work. Meyer v. United States (C. C. A.) 65 F.(2d) 509. The card with its notations comes from a source, it was kept under circumstances, which rebut the idea of its being a fabrication against plaintiff's interest. It was created in connection with and as a part of his actions and declarations in the furtherance of his own interests. It seems clear to us that there was no error in admitting the card and the notations on it.

We think, too, that the weekly earnings card was properly admitted over the objections urged against it. It was certainly relevant. One of the most illuminating pieces of evidence, not only in this case, but in all cases of this kind, is the plaintiff's actual work record. The weekly earnings card objected to was a part of his work record with the Dalton Company. Neither are we in doubt that it was properly accredited and proven up. It came from the proper custody; it was vouched for by the employment manager having charge of all the company's work records. It was not necessary to produce or account for the person or persons who had made the notations in the absence of some proof throwing suspicion upon the genuineness of the record itself.

It is undisputed that the records from which these cards came were kept as a part of the ordinary routine of the employment department of a large business employing many men. It is also undisputed that these card records offered in evidence, like the cards of all the other employees, were made, gathered, and retained in the files in connection with, and as a part of, the routine business of the company. These particular cards were offered in evidence by the manager of that department, the custodian of its records. To require more prima facie proof for their accrediting than was furnished in this case is inconsistent with the proper understanding of modern methods of doing business, and therefore of legal common sense. Rules of evidence are to aid, not to obstruct, trials; they must be, they are, so applied. It was well within the sound discretion of the trial judge to accept and admit the proffered evidence. Massachusetts Bonding & Ins. Co. v. Norwich Pharmacal Co. (C. C. A.) 18 F.(2d) 934; United States v. Becker (C. C. A.) 62 F.(2d) 1007.

The judgment is affirmed.