## UNITED STATES v. CHANDLER.
### No. 8015.

Circuit Court of Appeals, Fifth Circuit.
Jan. 8, 1937.

See, also, (C.C.A.) ¯77 F.(2d) 452.

Fendall Marbury and Wilbur C. Pickett, Sp. Assts. to Atty. Gen., and Young M. Smith, Atty., Department of Justice, and Julius C. Martin, Director, Bureau War Risk Litigation, both of Washington, D. C., Jim C. Smith, U. S. Atty., and Allen Crenshow, Atty., Department of Justice, both of Birmingham, Ala., for the United States.

W. M. Rayburn, of Gadsden, Ala., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This suit was brought to recover on two converted policies of war risk insurance, in the amounts of $9,500 and $500, respectively, and resulted in a verdict for plaintiff. Error is assigned to the overruling of a motion for a directed verdict.

The undisputed facts are these. Premiums were paid on the $9,500 policy through August 31, 1933, and on the $500 policy through June 30, 1932. Plaintiff claimed total and permanent disability, resulting from tuberculosis and a heart ailment, maturing the policies within their terms, occurring in December, 1930, and presented his claim to the Veterans' Administration without undue delay. It was finally rejected on June 19, 1933. Plaintiff filed suit on July 4, 1933. Plaintiff's testimony showed conclusively that he was unable to follow any substantially gainful occupation after December, 1930, to the date of trial, in August, 1935. There was evidence to corroborate him and no rebuttal evidence showing he had worked during that period. There was conflicting medical evidence as to permanent, total disability.

Without reviewing the evidence, we are satisfied to say there was sufficient substantial evidence to sustain the verdict. The case does not fall within the rule announced in Lumbra v. U. S., 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492. It was not error to overrule the motion for verdict.

Error is also assigned to the exclusion of a certain clinical record of the Hines, Illinois, hospital. As to this the following appears from the record: On cross-examination plaintiff was shown a document, forming part of the record, dated August 13, 1932, which he had signed, and identified his signature. Defendant then sought to introduce the entire record. The court stated that he would permit the diagnosis to be introduced but would exclude the other documents as it was not shown that they were the originals and were not certified as copies. Mr. Crenshaw, counsel for defendant, offered to be sworn and testify that he could identify the documents as the original records, which had been in his possession. It was not shown that he was the official custodian of the records or could identify any signature other than that of plaintiff. It further appears that defendant introduced the evidence of five government doctors, who had examined plaintiff, three of them in February, 1931, one in March, 1931, and one in October, 1931. The testimony of these witnesses tended to show that plaintiff was not suffering from any disease which would render him totally and permanently disabled while the policies were in force. At best the hospital record, which was excluded, would be cumulative. The case of Jennings v. U. S. (C.C.A.) 73 F.(2d) 470, relied upon by appellant, may be easily distinguished and is not in point. Conceding that government records or certified copies of them may be introduced in evidence, it is necessary that they be properly authenticated. We consider the ruling of the District Court was right. If we be mistaken in this, we consider the ruling was harmless.

There are other assignments of error but they are not pressed. No reversible error is presented.

Affirmed.