ALEXIS R. PAXTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7175.    Promulgated October 31, 1927.

The pay of an officer on the retired list of the Regular Army of the United States is not exempt from taxation under section 213(b) (9) of the Revenue Act of 1921, as a pension for services in the military or naval forces of the United States in time of war.

*Alexis R. Paxton* pro se.
*A. George Bouchard, Esq.*, for the respondent.

This proceeding is for the redetermination of deficiencies in income tax for the years 1921, 1922, and 1923 in the amounts of $20.31, $75.32, and $58.53, respectively.

FINDINGS OF FACT.

The petitioner is an individual residing in Marin County, California. On March 3, 1877, he was commissioned a second lieutenant in the Regular Army of the United States and served continuously as an officer therein, both in peace and war, until March 7, 1913, when he was retired from active service with the rank of Colonel and placed on the retired list of the Regular Army of the United States, with the pay provided by law for retired officers of his rank

and length of service, and he received such retired pay during each of the years 1921, 1922, and 1923.

In his income-tax return for the year 1921 the petitioner included in gross income his pay for that year as a retired officer of the Regular Army of the United States, but did not include his retired pay for 1922 and 1923 in his returns of income for those years. The tax paid by the petitioner on his retired pay for 1921 was refunded to him but the respondent, upon audit of the petitioner's returns for 1921, 1922, and 1923, restored such retired pay for 1921 to income for that year and also added the petitioner's retired pay for 1922 and 1923 to his income for those years and determined deficiencies in the amount of $20.31 for 1921, $75.32 for 1922, and $58.53 for 1923.

### OPINION.

MARQUETTE: The facts in this proceeding are not in dispute and the only question presented for determination is whether the compensation or pay received by the petitioner during the years 1921, 1922, and 1923, as a retired officer of the Regular Army of the United States, is subject to the Federal income tax. The petitioner claims it is a pension for service in time of war and is exempt from taxation under section 213 (b) (9) of the Revenue Act of 1921, which provides that gross income " Does not include the following items, which shall be exempt from taxation under this title: * * * (9) Amounts received as compensation, family allotments and allowances under the provisions of the War Risk Insurance and the Vocational Rehabilitation Acts, or as pensions from the United States for service of the beneficiary or another in the military or naval forces of the United States in time of war."

Section 210 of the Revenue Act of 1921 provides that a tax at the rates therein prescribed shall be levied, collected and paid on the net income of every individual in excess of the credits provided by section 216 of that Act. By section 213 all amounts received from certain sources therein enumerated are exempt from taxation and are not included in income as defined by the Act. It seems clear, therefore, that all income from whatever source derived, not specifically exempt, is included within the scope of a taxing act, unless by reason of some Constitutional or legal inhibition it may not be reached by the taxing power of the United States. We therefore hold that unless the petitioner comes within the exemption provided by section 213, the tax herein must be sustained.

Upon consideration of the facts and the arguments presented in support of the petitioner's contention, we must conclude that the petitioner's pay as a retired officer in the United States Army is not a pension for services in the military or naval forces of the United

States in time of war within the meaning of section 213 (a) (9) of the Revenue Act of 1921. Every officer of the United States Army who does not resign or die, will sooner or later be retired for age, disability or length of service, and paid the retired pay to which his rank and service at the date of retirement entitle him, unless as the result of misconduct or inefficiency he is dismissed or discharged. However, the pay he receives as a retired officer is not a pension such as is contemplated by the section of the law above quoted. A retired officer is still in the Army but on the inactive list and is subject to military law and regulations as when on active duty, and may even be recalled to active duty should occasion require. Sec. 1250, Revised Statutes; *United States* v. *Tyler*, 105 U. S. 244; *Wood* v. *United States*, 107 U. S. 414; *Kahn* v. *Anderson*, 255 U. S. 1. In *United States* v. *Tyler, supra*, we find this language:

> There is, therefore, a manifest difference in the two kinds of retirement, namely, retiring from active service and retiring wholly and altogether from the service * * * In the former case the compensation is continued at a reduced rate and the connection is continued, with retirement from active service only.

A retired officer receives the retired pay whether his active service was in peace or war, whether he retired for age after a long and strenuous career on the battlefield, or within a month after he was commissioned for some physical disability not even remotely connected with war. The petitioner receives pay as a retired officer of the Army, not because he served in time of war but because he served until he arrived at the age provided by law for his retirement from active duty. He would have retired at the same age and date and would draw the same retired pay if his whole active service had been spent in an era of continuous peace. In our opinion the petitioner's claim for exemption must be denied.

*Judgment will be entered for the respondent.*

Considered by Phillips, Milliken, and Van Fossan.