P. H. MARCUM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12113. Promulgated March 7, 1928.

*Louis B. Montfort, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

OPINION.

LITTLETON: The petitioner's contention is that he did not, upon his elimination from the Army, really receive one year's pay, but received an absolute gift from the Government " measured by one year's pay," and that other officers, with more than ten years' service to their credit, did not receive one year's pay, but a gift or gratuity based on a percentage of their last pay.

The Act of Congress approved June 30, 1922, being an Act making appropriations for the military and nonmilitary activities of the War Department for the fiscal year ending June 30, 1923, and for other purposes, provided under the head " Finance Department, Pay, and so forth, of the Army," as follows:

Pay of officers: For pay of officers of the line and staff $33,890,771 : *Provided,* That after January 1, 1923, the sum herein appropriated for the pay of officers shall not be used for the pay of more than twelve thousand commissioned officers on the active list of the Regular Army and the emergency officers in service undergoing physical reconstruction: *Provided further,* That on and after January 1, 1923, there shall be officers as now authorized by law except that there shall be four hundred and twenty colonels, five hundred and seventy-seven lieutenant colonels, one thousand five hundred and seventy-five majors, three thousand one hundred and fifty captains, two thousand nine hundred and sixty-seven first lieutenants, and one thousand seven hundred and seventy-one second lieutenants, and these numbers shall not be exceeded except as hereinafter provided; nine hundred and eighty-three officers of the Medical Corps, one hundred and fifty-eight officers of the Dental Corps, one hundred and twenty-six officers of the Veterinary Corps, seventy-two officers of the Medical Administrative Corps, and one hundred and twenty-five chaplains; and the numbers herein provided shall include the officers of Philippine Scouts who shall continue to be carried on the promotion list and who shall be promoted to grades from first lieutenant to colonel, inclusive, in the same manner as prescribed by law for other officers on the promotion list: * * * *Provided further,* That officers in excess of the numbers authorized herein and not removed from the active list by other means shall be disposed of as follows: * * * officers selected for elimination of less than ten years' commissioned service may, upon recommendation of the board herein provided for, be discharged with one year's pay; or those of more than ten years' and less than twenty years' commissioned service may, upon recommendation of the board, be placed on the unlimited retired list with pay at the rate of 2½ per centum of their active pay multiplied by the number of complete years of such commissioned service; or those of more than twenty years' commissioned service may, upon recommendation of the board, be placed on the unlimited retired list with pay at the rate of 3 per centum of their active pay multiplied by the number of complete years of such commissioned service, not exceeding 75 per centum: * * * *Provided further,* That any officer of less than ten years' commissioned service but of more than twenty years' service accredited toward

retirement or for increased pay for length of service may, in lieu of discharge with one year's pay as hereinbefore provided, if he so elects, be appointed a warrant officer and carried as an additional number in that grade; or he may, if he so elects, be retired with the rank of warrant officer with pay at the rate of 2 per centum of the pay of a warrant officer multiplied by the number of years of .such accredited service: *Provided further*, That the Secretary of War shall convene a board of five general officers which may include retired officers, whose call to active duty for this purpose is hereby authorized, which board, under regulations prescribed by the Secretary of War, shall recommend to the President the officers to be eliminated from the active list under the provisions of this Act, the number of officers in various grades to be recommissioned in the next lower grade as hereinbefore provided, and the number of officers in various grades to be continued as additional until absorbed as hereinbefore provided.

There is nothing in the Act indicating that such pay is a mere gratuity or gift, or that it is exempt from income tax. The phraseology used shows the allowance is something additional in the way of "pay."

From the wording of the Act, it may reasonably be inferred that the consideration for such generosity on the part of the Government was the past service of the petitioner; that the additional pay or compensation was for satisfactory service rendered. The one year's pay was in the nature of a bonus. But for the past service of petitioner and the possibility that similar service might be desired of him in the future, it can not reasonably be inferred that Congress would have made the provision for an additional one year's pay for petitioner, or any percentage of additional pay for other officers eliminated from the service. While there was no legal obligation on the part of the Government to bestow a bonus of one year's pay on petitioner, there was certainly sufficient consideration for so doing.

Had Congress intended that such "pay" should not be subject to taxation, it would doubtless have so indicated as it did in the World War Adjusted Compensation Act of May 19, 1924, ch. 157, 43 Stat. 125, in section 308 of which it is provided that no sum payable under this Act to a veteran or his dependents, or to his estate, or to any beneficiary named under Title V, no adjusted service certificate, and no loan made on such certificate, and no provision of any loan made on such certificate, shall be subject to attachment, levy, or seizure under any legal or equitable process, or to national or state taxation.

From a consideration of the provisions of the Act of Congress authorizing that officers in the military service receive additional pay upon their elimination from the service, the Board is of opinon that the one year's pay in addition to his regular salary received by petitioner upon his discharge was income subject to taxation under the provisions of the revenue statute. Cf. *Alexis R. Paxton*, 8 B. T. A. 1105.

*Judgment will be entered for the respondent.*