WALTER M. BICKFORD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

C. H. CHRISTENSEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 54583, 55005. Promulgated April 28, 1936.

*A. N. Whitlock, Esq.*, for the petitioners.
*S. B. Anderson, Esq.*, for the respondent.

OPINION.

McMahon: The sole question for determination is whether the amounts of $4,500 and $6,000 received respectively by Bickford and Christensen in 1928 constituted taxable income, or constituted gifts which are exempt from income taxation. There are set forth in the margin applicable provisions of the Revenue Act of 1928.[1]

In *Thomas M. Schumacher*, 27 B. T. A. 895, we declined to follow our holding in *William C. Barnes*, 17 B. T. A. 1002, but instead followed the decision of the Court of Claims in *Schumacher v. United States*, 55 Fed. (2d) 1007, and the decision of the United States Circuit Court of Appeals for the Fifth Circuit in *Bass v. Hawley*, 62 Fed. (2d) 721, and held that a payment made to the taxpayer president of a railroad company, in addition to his regular compensation, constituted taxable income and was not exempt from tax as a gift. All those cases involved payments made under the same circumstances to officers or employees of the same railroad company. The essential facts involved were, in substance, as follows: Such employees had been paid their full salaries; the stock of the railroad company, which was the operating company, was owned by a holding company; the holding company transferred the stock of the operating company to another railroad company in exchange for certain stocks and bonds of the latter company; after the exchange the stockholders of the holding company authorized the directors to pay "additional compensation" to officers and employees "in recognition of long and faithful service of the officers and employees of the Railroad"; and each payment was accompanied by a card stating "with appreciation and best wishes of El Paso & Southwestern Company from committee appointed November 18, 1924."

Whether a payment in a given case is taxable compensation or a gift exempt from tax depends upon the intention of the parties and particularly the intention of the payer, to be determined from the attending facts and circumstances. *Bass v. Hawley, supra,* and

[1] SEC. 22. GROSS INCOME.

(a) *General definition.*—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property ; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever.

(b) *Exclusions from gross income.*—The following items shall not be included in gross income and shall be exempt from taxation under this title :

\*        \*        \*        \*        \*        \*        \*

(3) GIFTS, BEQUESTS AND DEVISES.—The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income).

*Schumacher* v. *United States, supra.* While it is true that the intent in every case must be decided upon the particular attending facts and circumstances, and while the above cited cases are not exactly the same, factually, as the instant proceedings, yet we believe that those cases are sufficiently in point to be controlling.[2]

In *Schumacher* v. *United States, supra,* it was stated in part:

It is an essential characteristic of a gift that it be a transfer without consideration. * * * The payment was made to the plaintiff as additional compensation in consideration of former services rendered the railroad company and not as a gift or gratuity. * * *

In *Bass* v. *Hawley, supra,* it was stated in part:

* * * That only is a gift which is purely such, not intended as a return of value or made because of any intent to repay another what is his due, but bestowed only because of personal affection or regard or pity, or from general motives of philanthropy or charity. * * *

See also *Theodore C. Jackson et al., Administrators,* 32 B. T. A. 470, as to legal requirements of a valid gift.

In the instant proceedings we believe it is sufficiently clear that the payments were additional compensation for past services. In the letter accompanying the checks it is stated: "Your services have not been without appreciation, but, on the contrary, the loyalty and sincerity which you have shown have always been realized and have been reciprocated. No set form of words and no honorarium can truly express our realization of your loyalty, but the enclosed check to your order is herewith tendered as a concrete evidence of our regard and of our very best wishes for your future." Furthermore, the evidence discloses and we have found as a fact that the stockholders of the Missoula Public Service Co. recognized the obligation of the company to establish retirement funds. The evidence further shows that these payments in question were from a fund intended to be in the nature of, or in lieu of, a retirement fund. Retirement payments are subject to Federal income tax. *P. H. Marcum,* 10 B. T. A. 1192. *There is no doubt in our minds that the payments would not have been made to Bickford and Christensen except for their prior service to the Missoula Public Service Co.* See *Irving D. Rossheim,* 31 B. T. A. 857, 867. We can not find or hold upon the record that there was an intention on the part of the stockholders of the Missoula Public Service Co. to make gifts in these amounts to Bickford and Christensen, within the meaning of the revenue act and within the legal requirements of a gift as above set forth. There is no showing that the payments were made "because of personal affection or regard or pity, or from general motives of philanthropy or charity." Even if the

---

[2] See also *Arthur L. Lougee,* 26 B. T. A. 23; *Levey* v. *Helvering,* 68 Fed. (2d) 401; *Weagant* v. *Bowers,* 57 Fed. (2d) 679; *Fitch* v. *Helvering,* 70 Fed. (2d) 583; and *Fisher* v. *Commissioner,* 59 Fed. (2d) 193.

payments had been denominated "gifts", it would not necessarily justify a different result here. *Levey* v. *Helvering, supra.*

The fact that the payments were not made by the Missoula Public Service Co., the employer, but were made by the stockholders thereof, is not determinative. *Thomas M. Schumacher, supra; Schumacher* v. *United States, supra;* and *Bass* v. *Hawley, supra.*

We have found as facts that all of the stockholders of the Missoula Public Service Co. claimed deductions of their proportionate shares of the retirement fund paid by them, and that they contended before the Bureau of Internal Revenue that the retirement fund was a part of the expense of the sale and that the selling price of the stock for tax purposes was the net amount received from the Clark Montana Realty Co. after deduction of all expenses, including the amount of the retirement fund; and the undisputed evidence shows that this contention was overruled and the deductions were disallowed by the Bureau on the ground that the fund was created by donation from the stockholders and was not a fund provided by the Missoula Public Service Co. Those stockholders and the issue as to whether the respondent erred in failing to permit the stockholders of the Missoula Public Service Co. to deduct their proportionate shares of the retirement fund as a part of the expense of sale are not before us and we expressly do not decide that question. In any event, the action in that respect cannot be determinative here. However, it should be noted that in the instant proceeding the stockholders attempted to deduct the amount paid as expenses of the sale and to that extent did not treat the payments as gifts. This action on their part negatives an intention to make gifts. In *Thomas M. Schumacher, supra; Schumacher* v. *United States, supra;* and *Bass* v. *Hawley, supra,* payments were held not to be gifts, even though it appeared that the payer did not claim them as deductions.

Counsel for petitioners relies upon *Jones* v. *Commissioner,* 31 Fed. (2d) 755, and *Blair* v. *Rosseter,* 33 Fed. (2d) 286. Those cases are not controlling here for the same reason that they were not controlling in *Bass* v. *Hawley, supra,* as pointed out by the court in the latter case.[3]

---

[3] In *Bass* v. *Hawley, supra,* it was stated in part as follows:

"* * * Hawley relies strongly on *Jones* v. *Commissioner* (C. C. A.) 31 F. (2d) 755, and *Blair, Commissioner,* v. *Rosseter* (C. C. A.) 33 F. (2d) 286. Each of these cases in holding payments to employees to be nontaxable gifts relies on the fact that there was no obligation to pay and the payments were over and above the wages and salaries due. The controlling importance of that fact has since been denied by the Supreme Court in *Old Colony Trust Co.* v. *Commissioner,* 279 U. S. at page 730, 49 S. Ct. 499, 504, 73 L. Ed. 918, where the question was whether the litigant owed a tax, saying: 'The payment for services, even though entirely voluntary, was nevertheless compensation within the statute.' Again in *Lucas, Commr.* v. *Ox Fibre Brush Co.,* 281 U. S. 115, 50 S. Ct. 273, 74 L. Ed. 733, where the question was whether the litigant could deduct the payment as an expense of business, a like result was reached. *Noel* v. *Parrott* (C. C. A.) 15 F. (2d) 669, was approved. In *Fisher* v. *Commissioner* (C. C. A.) 59 F. (2d) 192, it was ruled that absence of legal duty to pay is not conclusive of a gift. * * *"

The case of *Lunsford* v. *Commissioner*, 62 Fed. (2d) 741, cited by counsel for petitioners, is distinguishable. There the taxpayer was never an employee of the payer, the payer expressly represented the payment to be a gift, and "the record is entirely barren of any proof of services performed by the taxpayer for the donor, either concurrently * * * or in previous years, and there is no promise * * * for future services."

*David R. Daly, Estate*, 3 B. T. A. 1042, and *Herman T. Dietrick*, 6 B. T. A. 1371, relied upon by counsel for the petitioners, are distinguishable. The facts in those cases are quite different from those in the instant proceeding and establish that the transfers there in question constituted gifts.

The determination of the respondent is approved.

Counsel for the petitioners cites *Cunningham* v. *Commissioner*, 67 Fed. (2d) 205. The resolution of the payer in that case recited that the payment was an "honorarium" which the court, under all the facts and circumstances there presented, construed to be a gift. In the instant proceedings neither payment is specifically called an "honorarium" although that term is used in the letter accompanying each payment. The use of the term honorarium is not determinative. *Arthur L. Lougee, supra.* The resolution in the *Cunningham* case was somewhat ambiguous in that it was also stated that the payment was "in appreciation of Mr. Cunningham's excellent guidance of this Corporation through times of difficulty and depression." Under all the facts and circumstances of the instant proceeding, as disclosed by the record, the *Cunningham* case does not justify a different result herein, in view of the weight of clear authority heretofore pointed out in support of our conclusions.

*Decision will be entered for the respondent.*