## UNITED STATES v. ROBINSON.
### No. 8957.

Circuit Court of Appeals, Ninth Circuit.
April 27, 1939.

Benjamin Harrison, U. S. Atty., Ernest D. Fooks, Atty., Department of Justice, both of Los Angeles, Cal., and Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Keith L. Seegmiller and Thomas E. Walsh,

Attys., Department of Justice, both of Washington, D. C.

Chenoweth & Whitehead, of Los Angeles, Cal. (David Spaulding, of West Los Angeles, Cal., of counsel), for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

This action was brought by Jewell Robinson, as administratrix of the estate of Walter Scott Robinson, deceased, to recover total and permanent disability benefits under a contract of war risk insurance.

Walter Scott Robinson enlisted in the armed forces of the United States on October 28, 1917, and was honorably discharged therefrom on July 24, 1919. While in the military service he applied for and was granted a contract of war risk insurance in the amount of $5,000 upon which premiums were paid to include July, 1919, and by reason of the grace period said contract of insurance was in full force and effect until September, 1919, upon which date no further payment of premiums having been made, the policy lapsed.

On July 2, 1924, Robinson was found to be totally and permanently disabled for insurance purposes. The Veterans' Administration rated him, for compensation purposes, as disabled in a compensable degree from date of discharge from military service to July 2, 1924, and on that date there was due him compensation, uncollected, in the sum of $338.79. On July 2, 1924, the total unpaid premiums with interest thereon, on said contract of insurance, were less than $338.79, so that if this amount of uncollected compensation was wholly available to be applied to the revival of insurance under the provisions of Section 305 of the World War Veterans' Act of 1924, it would be sufficient to revive the full amount of the insurance contract.

At some date which does not appear in the record, but which was subsequent to July 2, 1924, it was ascertained, but by whom is not stated in the record, that Robinson was indebted to the United States, prior to July 2, 1924, for unaccounted vocational training property in the sum of $253.92, which amount the Veterans' Administration undertook to deduct from the $338.79 uncollected compensation theretofore available to be applied on the insurance contract and which when so applied as provided by Section 305 of the World War Veterans' Act would revive in full

the said insurance contract. This method appellee claims prevented the revival of the insurance contract in full and that the amount of the revived insurance was determined to be that sum which $65.61 could revive according to the calculations of the Veterans' Administration.

On March 12, 1929, Robinson died and appellee was appointed administratrix of his estate. Subsequently she filed a claim with the Veterans' Administration for payment of the full amount of said contract of war risk insurance pursuant to Section 305 of the World War Veterans' Act of June 7, 1924, 43 Stat. 626, as amended, 38 U.S.C.A. § 516, which provides:

"Where any person has heretofore allowed his insurance to lapse, or has canceled or reduced all or any part of such insurance, while suffering from a compensable disability for which compensation was not collected and dies or has died, or becomes or has become permanently and totally disabled and at the time of such death or permanent total disability was or is entitled to compensation remaining uncollected, then and in that event so much of his insurance as said uncollected compensation, computed in all cases at the rate provided by section 302 of the War Risk Insurance Act as amended December 24, 1919, would purchase if applied as premiums when due, shall not be considered as lapsed, canceled or reduced; and the Veterans' Administration is hereby authorized and directed to pay to said soldier, or his beneficiaries, as the case may be, the amount of said insurance less the unpaid premiums and interest thereon at 5 per centum per annum compounded annually in installments as provided by law: * * * That compensation which is uncollectible by reason of the provisions of section 310 of the War Risk Insurance Act, as amended, or section 499 of this title, shall be considered as uncollected compensation for the purposes of this section."

The Veterans' Administration found that Robinson became totally and permanently disabled for insurance purposes as of July 2, 1924; that the amount owed by Robinson to the United States should be deducted from the uncollected compensation due him and the balance applied to the revival of insurance under Section 305, supra; that this balance revived insurance in the sum of $1,381.81, after payment of premiums with interest thereon from date of lapse of said insurance con-

tract to July 2, 1924, which sum was paid appellee. Thereafter, upon recomputation, there was found due appellee additional insurance in the sum of $464.81, which has not been paid. On January 20, 1933, appellee's claim for the full benefits of the insurance contract was denied and this action was brought.

A trial by jury was waived and the cause submitted to the court on an agreed statement of facts. Findings of fact and conclusions of law were made and on December 27, 1937, the court entered a judgment in favor of appellee for the full amount of the contract of insurance, less deductions for the amounts already paid appellee under said contract of insurance and the unpaid premiums with interest as provided by law. From this judgment the present appeal is taken.

Appellant presents four assignments of error which raise the following questions: (1) Whether the District Court had jurisdiction to determine the amount of compensation available for revival of insurance under Section 305 of the World War Veterans' Act, by total and permanent disability established administratively; and (2) Whether in any event the agreed facts do not show that the Veterans' Administration correctly determined the amount of compensation to which plaintiff was entitled on July 2, 1924.

In support of its first question appellant contends that the court had no jurisdiction to adjudicate the issue presented in this case for the reason that the law conferred exclusive discretion to determine the amount of compensation on the Administrator of Veterans' Affairs, and since in this case the sole dispute between the parties pertained to the amount of compensation to which insured was entitled on July 2, 1924, there was no authority for judicial determination of the question presented.

Appellee, on the other hand, maintains that the District Court had jurisdiction to adjudicate the amount of insurance payable under Section 305 of the World War Veterans' Act; that after a disagreement, as here, the court had the power to determine the amount due under the insurance contract, and to sustain this contention relies upon Section 19 of the World War Veterans' Act of June 7, 1924, 43 Stat. 612, as amended, 38 U.S.C.A. § 445, as follows: "In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the district court of the United States for the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. * * *"

We recognize that the law is well settled that the decisions of the Veterans' Administration upon questions concerning pensions, compensation allowances and special privileges, all of which are gratuities, are final and not subject to judicial review. But this case involves a claim under a war risk insurance contract and it has been held that the provisions of Section 705, Title 38 U.S.C.A., do not apply to such a claim. Lynch v. United States, 292 U.S. 571, 587, 54 S.Ct. 840, 78 L.Ed. 1434.

In the present case the matter of compensation is not in dispute. The fact that on July 2, 1924, Robinson was totally and permanently disabled and that there was due him compensation, uncollected at the time, sufficient to fully revive his insurance contract also is admitted. The disagreement is not as to compensation, but to its proper application which has created a disagreement as to the amount of insurance to which the estate of the deceased veteran is entitled.

Appellee seeks an adjudication of rights under the veteran's insurance contract pursuant to Section 305 of the World War Veterans' Act. A claim has been presented as provided by the Act and a disagreement has arisen thereon between the United States and the claimant under the insurance contract. The District Court was vested with jurisdiction to determine the matter.

As was said in the case of United States v. Ellison, 4 Cir., 74 F.2d 864, 868: "We see nothing either in the contention that the court is without jurisdiction * * *. Jurisdiction has been conferred upon the courts to hear and determine all claims arising under these war risk insurance policies where there has been a disagreement between the claimant and the Bureau. 38 U.S.C.A. § 445." And to the same effect, United States v. Hendrickson, 10 Cir., 53 F.2d 797, 799.

There remains appellant's second contention that the agreed facts show that the Veterans' Administration correctly determined the amount of compensation to which the plaintiff was entitled on July 2, 1924. In aid of this argument appellant insists that in determining the amount of compensation to which deceased's estate was entitled, the indebtedness to the United States was properly deducted from the uncollected compensation due Robinson pursuant to Section 22 of the World War Veterans' Act of June 7, 1924, 43 Stat. 613, 38 U.S.C.A. § 454, which provides: "The compensation, insurance, and maintenance and support allowance payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV; and shall be exempt from all taxation. Such compensation, insurance, and maintenance and support allowance shall be subject to any claims which the United States may have, under Parts II, III, IV[1], and V, against the person on whose account the compensation, insurance, or maintenance and support allowance is payable. * * *"

It is also contended that since the foregoing language of the statute is unconditional, neither the Administrator of Veterans' Affairs, nor the court below, could properly have found the veteran entitled on July 2, 1924, to any compensation until the indebtedness incurred by the insured prior to that date had been satisfied. However, according to the record, this determination was not made on July 2, 1924, but thereafter.

The agreed statement of facts shows that on July 2, 1924, the total unpaid premiums on the contract of insurance with interest thereon as provided by Section 305 of the World War Veterans' Act were less than $338.79, and the agreed statement of facts further shows that on said date there was due the said insured uncollected compensation an amount in excess of $338.79. Instead of reviving the insurance of that date, for some reason which does not appear in the record, the appellant thereafter arbitrarily limited the uncollected compensation admitted to have been in excess of $338.79, to that amount and undertook to offset against said sum an item of $253.-92, the alleged value of unaccounted vocational training property and thus arbitrarily determined that the balance of $65.-61 was the only sum that it would allow to be used and applied to revive insurance as of date July 2, 1924. At a later date appellant made a recomputation and found that it had made an error which it rectified in the computation but in fact did not pay.

The correctness of the government's contention that in any event "The Veterans' Administration correctly determined that the insured was entitled, on July 2, 1924, to compensation in the sum of $84.-87, and properly denied the plaintiff's claim for insurance in excess of that revived by such sum," is not apparent from the record. As pointed out above, the stipulation states that the uncollected compensation due insured on July 2, 1924, was an amount in excess of $338.79. The stipulation shows that the calculation upon which appellant relies was made subsequent to July 2, 1924. No dates are given. It also appears that errors and mistakes occurred. Nor does it show when it was found that the deceased veteran was indebted to the government for unaccounted vocational training property.

The Act reads: "Where any person has heretofore allowed his insurance to lapse, * * * while suffering from a compensable disability for which compensation was not collected and * * * has become permanently and totally disabled and at the time of such * * * permanent total disability was * * * entitled to compensation remaining uncollected, then * * * so much of his insurance as said uncollected compensation, computed in all cases at the rate provided * * *, would purchase if applied as premiums when due, shall not be considered as lapsed, canceled or reduced; * * *." Section 305, World War Veterans' Act, as amended, 38 U.S.C.A. § 516.

This language fairly applied in this case requires the holding that here the veteran's insurance was revived or in force on July 2, 1924, and the attempt retroactively to reduce it at some later date by deducting the value of uncollected vocational training property was unwarranted. Under such circumstances it would violate the spirit of the Act to hold that the uncollected amount due for the vocational training property should be off-

---

[1] Part IV provides for vocational training, in connection with which insured's indebtedness in the instant case arose.

set against the unpaid compensation which would thus reduce the insurance, rather than take it from the amount payable under the reinstated policy.

It is evident that to satisfy any indebtedness out of the compensation due Robinson before reinstating the contract, rather than from the payments due under the insurance contract upon its reinstatement, will greatly lessen the amount of insurance revived under Section 305. That this will result in hardship to the insured is apparent and, in our opinion, violates the intent and purpose of the World War Veterans' Act. As was stated in the case of Sorvik v. United States, 9 Cir., 52 F.2d 406, 410: "* * * we must bear in mind the remedial purposes of the World War Veterans' Act (38 U.S.C.A. § 421 et seq.), which the courts have repeatedly held should be liberally construed in favor of the veterans. United States v. Eliasson (C.C.A. 9) 20 F.2d 821, 824; United States v. Sligh (C.C.A. 9), 31 F.2d 735, 736, certiorari denied 280 U.S. 559, 50 S.Ct. 18, 74 L.Ed. 614; United States v. Phillips (C.C.A. 8) 44 F.2d 689, 692; Glazow v. United States (C.C.A. 2) 50 F.2d 178."

We hold that the District Court had jurisdiction of the controversy and according to the veteran that favorable construction of the facts and law which the law requires, we also hold that the determination of the lower court was correct.

Affirmed.