**HOEPPEL et al. v. WESTOVER, Collector of Internal Revenue, et al.**

No. 7959–B.

United States District Court
S. D. California, C. D.

Sept. 14, 1948.

Murphy & Duke, of Monrovia, Cal., for plaintiffs.

James M. Carter, U. S. Atty., E. H. Mitchell and George M. Bryant, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for defendant.

McCORMICK, District Judge.

This is an action for the recovery of income taxes alleged to have been erroneously and illegally exacted from plaintiffs by the defendant Collector of Internal Revenue.

Plaintiff John H. Hoeppel was retired from the Regular Army of the United States on August 16, 1921, after thirty years of meritorious service and his retirement was in the grade of Master Sergeant. See Title 10 U.S.C.A. § 1028c.

In the year 1942 Mr. Hoeppel received from the Government the sum of $1665.00; in the following year he was likewise paid $1914.47. Pursuant to law, these two payments were made to Mr. Hoeppel as a retired member of the United States Army. See 10 U.S.C.A. § 947 et seq. The taxes paid and sought to be recovered by this action were imposed upon such retirement pay. There is no dispute as to the amounts in controversy; the sole issue being as to whether the retirement pay of the veteran John H. Hoeppel is exempt from taxation

or, stated in another way, the question for decision is: Were the amounts of retirement pay of Mr. Hoeppel properly included in his gross income for the respective two years for federal income tax purposes?

While there is a dearth of judicial decision on the legal question posed in this action, there have been successive rulings by the Board of Tax Appeals previous to the enactment of Public Law Number 262, 74th Congress, upon which the taxpayers rely, to the effect that, generally, retirement pay of military personnel is subject to federal income taxes. Paxton v. Commissioner, etc., 1927, 8 B.T.A. 1105; Marcum v. Commissioner, etc., 1928, 10 B.T.A. 1192; Bickford v. Commissioner, etc., 1936, 34 B.T.A. 461, 465. Such has also been the reported administrative determination under the Revenue Act of August 12, 1935. See I.T.-2963, (Internal Revenue Bulletin, Cumulative Bulletin XV-1, January-June, 1936), entitled Section 22(b) —Gross Income: Exclusions from Gross Income.

Plaintiffs claim specifically that the retirement pay here in suit is exempted from taxation under Public Law Number 262, 74th Congress, Title 38 U.S.C.A. § 454a.

The pertinent part of this provision which is incorporated in Chapter 10, Title 38 U.S.C.A., relating and pertaining to the World War Veterans' Relief Act reads thus: "Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, * * *."

Primarily it is to be noted that the term "benefits" used in the invoked statute ordinarily connotes something basically different from pay, but even if inclined to liberally construe the provision in favor of the veteran taxpayer, which is our plain duty in appropriate cases, United States v. Robinson, 9 Cir., 103 F.2d 713, there is a positive inhibition from doing so in this action by the plain and unequivocal express language of a concomitant part of the specific Congressional scheme and purpose of which the invoked exemption provision is only a part. The provisions of

Chapter 10 must be read and construed as a whole.

The purpose of the legislative enactments embodied in Chapter 10, Title 38 of the United States Code Annotated is relief from income tax and other burdens of specified categories of persons into which Mr. Hoeppel does not fall. This is obvious from the terms of Section 422, Title 38 U.S.C.A., which is the declaratory provision of Chapter 10, the material portions of which read as follows: "This chapter is intended to provide a system for the relief of persons who were disabled, and for the dependants of those who died as the result of disability suffered in the military service of the United States between April 6, 1917, and July 2, 1921. * * * Provided however, that the laws relating to the retirement of persons in the regular military or naval service shall not be considered to be laws providing for pensions, gratuities, or payments within the meaning of this section * * *."

Therefore, while there can be no doubt that Chapter 10 of Title 38 of the United States Code Annotated contains an income tax exemption segment, the plaintiffs have failed to bring Mr. Hoeppel within its scope or under its protection as to his retirement pay which is involved in this action. He is not shown to have been disabled or to be a dependent of anyone who died of disability sustained in the military service of the United States. His retirement is predicated not upon any of the provisions of Title 38 of the United States Code Annotated, but solely pursuant to statutes relating generally to retired Army personnel contained in Title 10 of the United States Code Annotated.

It is only by implication that the retired pay here involved can be regarded as exempt from federal income tax burdens and exemptions, and exemptions from taxation do not rest upon implication. This is the established rule as it has been applied by our highest judicial authority in a case which involved a veteran, United States Trust Co. of New York v. Helvering, 1939, 307 U.S. 57, 59 S.Ct. 692, 83 L.Ed. 1104.

We conclude by holding under the record before us that the amounts received by John H. Hoeppel during the taxable years 1942 and 1943, as United States Army Retirement Pay, were properly included in plaintiff taxpayers gross income for federal income tax purposes.

Accordingly, attorneys for defendant will prepare, serve and present within ten days from date hereof appropriate findings of fact, conclusions of law and judgment for defendant Collector of Internal Revenue under rules of this court.