RAFAEL EMMANUELLI ROMANÍ, Plaintiff and Appellant, *v.* SECRETARY OF THE TREASURY, Defendant and Appellee.

No. 11085. Argued July 7, 1954.—Decided July 21, 1954.

*Edelmiro Soldevila* for appellant. *José Trías Monge, Attorney General* and *Carlos N. Souffront, Assistant Attorney General,* for appellee.

---

MR. JUSTICE MARRERO delivered the opinion of the Court.

On December 14, 1951 Rafael Emmanuelli Romaní was notified by the Treasurer of Puerto Rico of a deficiency in his income tax for 1949. After compliance with the proper administrative requirements, the taxpayer filed a complaint in the former Tax Court alleging that the Treasurer had unduly computed as income the sum of $1,357.80 received from the United States Government, by way of pension, under §§ 301 and 302 of Act No. 810 of the 80th Congress, approved June 29, 1948, for military services performed for the nation in time of war. After a hearing of the case on the merits, the court rendered judgment dismissing the complaint. The taxpayer appealed. He now holds that the lower court erred (1) in not setting forth in its opinion, among other facts proved, that he performed active service in the United States military forces during World Wars I and II; (2) in not taking into account the last proviso of § 302 (a) of Act No. 810, on the authority of which the pension was granted; (3) in not considering as a pension the retirement pay received by him from the United States, which was granted by reason of age as well as time of active military service, part of which was performed in time of war; and (4) in not ruling that the pension in question was tax-free.

By § 301 (a) of the Act of June 29, 1948 of the 80th Congress of the United States (U. S. Stat. at L., vol. 82, Part I, p. 1087), the Secretary of the Army is authorized to establish the Army of the United States Retired List. By § 302 (a) of the same Act, "Any person who upon attaining or having attained the age of sixty years, has performed satisfactory Federal service as defined in this section in the status of a commissioned officer, . . . and has completed an aggregate of twenty or more years of such satisfactory service . . . shall, upon application therefor, be granted retired pay: . . . *Provided, further,* That no person who was a member of a reserve component on or before August 15, 1945, shall be eligible for retirement benefits under this title un-

less he performed active Federal service during any portion of either of the two periods beginning April 6, 1917, and ending November 11, 1917, and beginning September 9, 1940, and ending December 31, 1946."

The facts admitted, according to the stipulation which is filed of record, are that petitioner had attained by July 31, 1948 the age of 60 years and performed services for the United States Government commencing as private until he reached the rank of Army Sergeant in Puerto Rico, from April 3, 1907, when he enlisted, through November 27, 1917, when he was commissioned second lieutenant, serving in the American Army until January 15, 1919, when he was discharged; that in September 1920 he was commissioned second lieutenant of the United States National Guard, where he served until July 31, 1948; that on October 15, 1940 he was recalled to active duty in the Army, where he served until June 16, 1944, attained the rank of lieutenant-colonel, and then rejoined the National Guard where, as has been indicated, he served until July 31, 1948; and that it was on the basis of these qualifications that petitioner was granted the pension in litigation.

The record further discloses that on February 7, 1949 the Adjutant General of the Army Department issued a retirement-pay order on the authority of Act No. 810, *supra*, which reads as follows:

"Rafael Emmanuelli is placed on the Army of the United States Retired List in the grade of Lieutenant Colonel on 31 July 1948 with entitlement to retirement pay from 1 August 1948 under the provisions of Sections 301 and 302 of the Act of Congress approved 29 June 1948 (P.L. 810, 80th Congress), having been found, upon application to be eligible for such benefits by reason of age and satisfactory military service as defined in the above mentioned act."

There is no question that the retirement pay was granted to petitioner for age and length of service. There is no question either, according to the stipulation of facts, that the peti-

tioner performed active service in the United States Army both during World Wars I and II. Is such pay exempt from income taxation under the law in force in Puerto Rico? That is the gist of the question involved in the instant case.

According to § 15(a) of Act No. 74 of 1925 (Sess. Laws, pp. 400, 434), "The term 'gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service . . . of whatever kind . . ." And according to subdivision (b) of the same Section, "The term 'gross income' does not include the following items, *which shall be exempt from taxation under this title:* . . . (7) Amounts received as compensation, family allotments and allowances under the provisions of War Risk Insurance and the Vocational Rehabilitation Acts or the World War Veterans' Act, 1924, *or as pensions from the United States for service of the beneficiary or another in the military or naval forces of the United States in time of war."* (Italics ours.)

Section 15(b)(7), supra, is a quasi literal adaptation of § 213(b)(9) of the Federal Revenue Act of 1924. 26 U.S.C.A. 19, 21.

Construing the corresponding Section of the Federal Act of 1921, the United States Board of Tax Appeals held in *Paxton* v. *Commissioner,* 8 B.T.A. 1105, that the retirement pay of an officer of the United States Army is not exempt from income taxation. The facts involved in that case are closely in point.

On March 3, 1877, Paxton was commissioned a second lieutenant in the Regular Army of the United States and served continuously as an officer therein, both in peace and war, until March 7, 1913, when he was retired from active service with the rank of Colonel and placed on the retired list of the Regular Army of the United States, with the pay provided by law. The question for determination was whether or not such retirement pay was subject to the federal income tax. The petitioner claimed that it was a pension for service in time of war and was exempt from taxation

under § 213(*b*)(9) of the Revenue Act of 1921. In the course of its opinion, the Board of Tax Appeals stated that, "Upon consideration of the facts and the arguments presented in support of the petitioner's contention, we must conclude that the petitioner's pay as a retired officer in the United States Army is not a pension for services in the military or naval forces of the United States in time of war within the meaning of § 213(*a*)(9) of the Revenue Act of 1921.[1] A retired officer is still in the Army but on the inactive list and is subject to military law and regulations as when on active duty, and may even be recalled to active duty should occasion require. . . .

".     .     .     .     .     .     .     .

"A retired officer receives the retired pay whether his active service was in peace or war, whether he retired for age after a long and strenuous career on the battlefield, or within a month after he was commissioned for some physical disability not even remotely connected with war. The petitioner receives pay as a retired officer of the Army, not because he served in time of war but because he served until he arrived at the age provided by law for his retirement from active duty. . . ." In view of these considerations, the Board denied petitioner's claim for exemption.

The same holding applies here. The petitioner receives retirement pay for having arrived at the age of 60 years and for having served in the United States Army for over 20 years, and also because part of those services were performed during either war, as provided in § 302 of the Act of June 29, 1948, *supra*. Strictly speaking, that retirement pay is not an amount received from the United States by way of pension for services performed in time of war. The latter is the pension which is specifically exempted by § 15(*b*)(7) of our Act.

---

[1] Section 213(*a*)(9) of the Revenue Act of 1921 reads substantially the same as the Act of 1924. See 42 Stat. at L., Part I, pp. 238–239, and 26 U.S.C.A. 19, 21.

894

■ Tax exemptions must be strictly construed. *Treasurer* v. *Tax Court*, 73 P.R.R. 830; *Sucn. Serrallés* v. *Tax Court*, 73 P.R.R. 33; *Cervecería India, Inc.* v. *Tax Court*, 71 P.R.R. 463. Since the retirement pay received by petitioner is not expressly exempted, it is his duty to pay the income tax on the pay received by him from the United States Government.

Besides the case of *Paxton* v. *Commissioner, supra,* we have found numerous administrative decisions which support the conclusion reached in the instant case, namely, that retirement pay such as that received by appellant is not exempt from income taxation. See *Internal Revenue Bulletin, Cumulative Bulletin* XV-1, January–June 1936, p. 85; idem *Cumulative Bulletin* XIII-1, January–June 1934, pp, 37, 39; idem *Cumulative Bulletin* XI-2, July–December 1932, p. 21. *Cf. Waller* v. *United States,* 180 F. 2d 194; *Marcum* v. *Commissioner,* 10 B.T.A. 1192; *Hoeppel* v. *Westover,* 79 F. Supp. 794; C.C.H. *Federal Tax Course,* 1954 ed., § 221; Rabkin and Johnson, *Federal Income Gift and Estate Taxation,* § 1.06 (5), p. 140.

The judgment appealed from will be affirmed.