El Juez Asociado Sr. Negrón Fernández no intervino.

RAFAEL EMMANUELLI ROMANÍ, demandante y apelante, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y apelado.

Número 11085.

*Sometido:* 7 de julio de 1954. *Resuelto:* 21 de julio de 1954.

*Edelmiro Soldevila,* abogado del apelante; *Hon. Secretario de Justicia José Trías Monge* y *Carlos N. Souffront, Procurador Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

En 14 de diciembre de 1951 el Tesorero de Puerto Rico notificó a Rafael Emmanuelli Romaní una deficiencia en su contribución sobre ingresos para el año 1949. Cumplidos los trámites administrativos correspondientes, el contribuyente acudió ante el antiguo Tribunal de Contribuciones con una querella en que sostuvo que el Tesorero había considerado indebidamente como ingreso la suma de $1,357.80 que aquél recibió del Gobierno de los Estados Unidos como pensión bajo las secs. 301 y 302 de la Ley núm. 810 del Octogésimo Congreso, aprobada el 29 de junio de 1948, por haber prestado servicios militares a la nación en tiempo de guerra. Visto el

caso en sus méritos, dicho tribunal dictó sentencia declarando sin lugar la demanda. El contribuyente apeló. Sostiene ahora que el tribunal a quo erró (1) al no incluir en su opinión, entre los hechos probados, lo referente a que él prestó servicio activo en las fuerzas militares de los Estados Unidos durante la Primera y Segunda Guerra Mundial; (2) al no tomar en consideración el disponiéndose que aparece al final de la sec. 302(a) de la Ley núm. 810, que fué bajo la cual se le concedió la pensión; (3) al no considerar como una pensión la paga de retiro recibida por él de los Estados Unidos, concedídale tanto por edad como por años de servicio militar activo, parte del cual fué en tiempo de guerra y (4) al no considerar dicha pensión exenta de tributación.

■ Por la sec. 301(a) de la Ley del Octogésimo Congreso de los Estados Unidos, de 29 de junio de 1948 (U. S. Statutes at Large, volumen 62, parte primera, pág. 1087) se autoriza al Secretario del Ejército a establecer la Lista de Retiro del Ejército de los Estados Unidos. Bajo la sec. 302(a) de la misma ley, "a cualquier persona que al cumplir, o que habiendo cumplido, la edad de 60 años haya prestado servicios satisfactorios al gobierno federal, tal cual los mismos son definidos en esta sección, con el rango de oficial . . . y que haya completado un total de 20 años o más de tales servicios satisfactorios . . . se le concederá, al presentar la debida solicitud, paga por retiro . . . *Disponiéndose, además*, que ninguna persona que perteneciera a un cuerpo de la reserva en o antes del 15 de agosto de 1945 será elegible para recibir beneficios por retiro bajo este título a menos que prestara servicios activos al gobierno federal durante parte de cualquiera de los dos períodos que comienzan el 6 de abril de 1917 y terminan el 11 de noviembre de 1918, y que comienzan el 9 de septiembre de 1940 y terminan el 31 de diciembre de 1946."

Son hechos admitidos, de conformidad con la estipulación que figura en autos, que para el 31 de julio de 1948 el querellante había cumplido 60 años de edad y había prestado servicios al gobierno de Estados Unidos empezando como soldado

y llegando al rango de sargento en el ejército en Puerto Rico, desde el 3 de abril de 1907 en que ingresó hasta el 27 de noviembre de 1917, fecha en la cual recibió comisión de segundo teniente, sirviendo en el ejército americano hasta el 15 de enero de 1919 cuando se licenció; que en septiembre de 1920 ingresó con el rango de segundo teniente en la Guardia Nacional de Estados Unidos y allí sirvió hasta el 31 de julio de 1948; que el 15 de octubre de 1940 fué llamado a servicio activo en el ejército, donde sirvió hasta el 16 de junio de 1944, llegando al rango de teniente coronel, reintegrándose entonces a la guardia nacional, y sirviendo en ésta, como se ha dicho, hasta el 31 de julio de 1948; y que fué a base de estos hechos que se concedió al querellante la pensión a que se contrae este caso.

También se desprende de los autos que en 7 de febrero de 1949 el *Adjuntant General* del Departamento del Ejército expidió una orden de paga por retiro bajo la citada Ley 810, que traducida al castellano se lee del siguiente modo:

"Rafael Emmanuelli es puesto en la Lista de Retiro del Ejército de Estados Unidos con el grado de Teniente Coronel en 31 de julio de 1948 y con derecho a paga por retiro desde el primero de agosto de 1948 a tenor con lo dispuesto en las secs. 301 y 302 de la Ley del Congreso aprobada en 29 de junio de 1948 (P. L. 810, Octogésimo Congreso) habiéndose determinado previa solicitud, que es persona con derecho a recibir los referidos beneficios por razón de edad y servicios militares satisfactorios, según los mismos son definidos en la aludida ley."

Es incuestionable que la paga por retiro concedida al querellante lo fué por razón de edad y por años de servicio. También es innegable que de conformidad con los hechos estipulados el querellante prestó servicio activo en el ejército de los Estados Unidos tanto durante la primera como durante la segunda guerra mundial. ¿Está dicha paga exenta del pago de contribución sobre ingresos bajo la ley vigente en Puerto Rico? Ésa es la médula de la cuestión envuelta en este caso.

Según la sec. 15(a) de la Ley 74 de 1925 (págs. 401, 435) "El término 'ingreso bruto' incluye ganancias, benefi-

cios, e ingresos derivados de sueldos, jornales, o compensación por servicios personales . . . de cualquier clase . . ." Y según el inciso (*b*) de la misma sección "El término 'ingreso bruto' no incluye los siguientes ingresos, *que estarán exentos de tributación a virtud de este título:* . . . (7) Las cantidades recibidas como compensación, asignaciones y concesiones a familias a virtud de las disposiciones de las Leyes de Seguro de Guerra y de Rehabilitación Vocacional o a virtud de la Ley de Veteranos de la Guerra Mundial, de 1924, *o como pensiones de los Estados Unidos por servicios del beneficiario u otro en las fuerzas navales o militares de los Estados Unidos en tiempo de guerra.*" (Bastardillas nuestras.)

El art. 15 (*b*) (7), supra, es una adaptación casi literal de la sec. 213 (*b*) (9) de la Ley de Rentas Internas Federal de 1924. 26 U.S.C.A., págs. 19, 21.

Interpretando la sección correspondiente de la Ley federal de 1921, la Junta de Apelaciones Contributivas de los Estados Unidos resolvió en el caso de *Paxton* v. *Commissioner*, 8 B.T.A. 1105, que la paga por retiro recibida por un oficial del Ejército de los Estados Unidos no está exenta del pago de contribución sobre ingresos. Los hechos envueltos en ese caso fueron muy similares a los del presente. Veamos:

En 3 de marzo de 1877 Paxton ingresó como segundo teniente en el ejército regular de los Estados Unidos y sirvió continuamente como tal, tanto en época de paz como de guerra, hasta el 7 de marzo de 1913, cuando se retiró de servicio activo con el rango de coronel y fué colocado en la lista de retiro del Ejército Regular de los Estados Unidos, con la paga por retiro dispuesta por ley. La cuestión a determinarse fué si tal paga por retiro estaba exenta de contribución sobre ingresos o no. La contención del peticionario era que se trataba de una pensión por servicio prestado en época de guerra y que la misma estaba exenta de contribución bajo la sec. 213 (*b*) (9) de la Ley de Rentas Internas de 1921. En el curso de su opinión la Junta de Apelaciones Contributivas manifestó que "considerados los hechos y argumentos presentados en apoyo de la

contención del peticionario, tenemos que concluir que la paga del peticionario como oficial retirado del Ejército de los Estados Unidos no es una pensión por servicios en las fuerzas militares o navales de los Estados Unidos en tiempo de guerra dentro del significado de la sec. 213 (a) (9) de la Ley de Rentas Internas de los Estados Unidos.[1] Un oficial retirado está aún en el ejército, pero en la lista inactiva y está sujeto a las leyes y reglamentos militares tal cual si estuviera en servicio activo, y puede aún ser llamado a servicio activo en caso de que la ocasión así lo exija . . . un oficial retirado recibe paga por retiro ora prestara servicio activo en tiempos de paz o de guerra, ora se retirara por edad luego de una larga y peligrosa cruzada en el campo de batalla, o dentro del mes siguiente a haber recibido su comisión debido a alguna incapacidad física que ni remotamente está relacionada con la guerra. El peticionario recibe paga como oficial retirado del ejército, no porque sirvió en tiempo de guerra sino por haber servido hasta que llegó a la edad fijada por la ley para ser retirado del servicio activo." Con estas consideraciones dicha Junta denegó la solicitud de exención del peticionario.

En igual sentido podemos pronunciarnos en este caso. El peticionario goza de paga por retiro por haber cumplido la edad de 60 años y haber prestado más de 20 años de servicios en el Ejército de Estados Unidos, así como porque parte de dichos servicios fueron prestados durante una u otra guerra, tal cual dispone la sec. 302 de la Ley de 29 de junio de 1948 antes copiada. Estrictamente hablando, esa paga por retiro no es una cantidad recibida como pensión de los Estados Unidos por servicios prestados en tiempo de guerra. Tal pensión es la que está específicamente exenta por la sec. 15 (b) (7) de nuestra ley.

■ Las exenciones contributivas han de ser interpretadas restrictivamente. *Tesorero* v. *Tribl. Contribuciones y Franco,* 73 D.P.R. 890; *Sucn. Serrallés* v. *Tribunal de Contribuciones,*

---

[1] La sec. 213 (a) (9) de la Ley de Rentas Internas de 1921 lee fundamentalmente en la misma forma que en la ley de 1924. Véanse 42 U. S. Statutes at Large, parte primera, págs. 238–239, y 26 U.S.C.A., págs. 19–21.

73 D.P.R. 35; *Tes.* v. *Tribl. Contribuciones y Cervecería India,* 71 D.P.R. 512. No estando taxativamente exenta por ley la paga por retiro disfrutada por el demandante, él está en la obligación de pagar contribución sobre ingresos por la que recibe del Gobierno de Estados Unidos.

En adición al caso de *Paxton* v. *Commissioner,* supra, hemos hallado en apoyo de la conclusión a que aquí llegamos, un número de decisiones administrativas que se pronuncian en igual sentido, o sea que paga por retiro como la recibida por el apelante no está exenta del pago de contribución sobre ingresos. Véanse *Internal Revenue Bulletin, Cum. Bull.* XV–I, enero–junio 1936, pág. 85; idem *Cum. Bull.* XIII–I, enero–junio 1934, págs. 37, 39; idem *Cum. Bull.* XI–2, julio–diciembre 1932, pág. 21. *Cf. Waller* v. *United States,* 180 F.2d 194; *Marcum* v. *Commissioner,* 10 B.T.A. 1192; *Hoeppel* v. *Westover,* 79 F. Supp. 794; *C.C.H. Federal Tax Course,* ed. de 1954, sec. 221; *Federal Income Gift and Estate Taxation,* por Rabkin and Johnson, sec. 1.06 (5), pág. 140.

*Debe confirmarse la sentencia apelada.*