HERBERT R. SWOFFORD, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3793–66. Filed November 28, 1967.

Herbert R. Swofford, pro se.
*Susan Stivers*, for the respondent.

### OPINION

There is nothing to distinguish this case on its facts from all of the other cases decided by this and other courts where it has been held severance pay such as petitioner received which results from length of service is not to be excluded from income tax.[1] See *Elmer D. Pangburn*, 13 T.C. 169 (1949); *Marshall Sherman Scarce*, 17 T.C. 830 (1951); *Hoeppel v. Westover*, 79 F. Supp. 794 (S.D. Calif. 1948). In the cited cases it was held such severance pay was ordinary income. Here the petitioner concedes that the severance payment in the amount of $15,000 was subject to income tax but the petition alleges it was "taxable as a capital gain as provided in Sections 401 and 402, Title 26 of the U.S. Code." Petitioner filed no brief but the allegations of his petition and statements petitioner made at the time of trial, and the statements he made in his income tax return clearly show that he bases his contention that the $15,000 was entitled to capital gains treatment under sections 401 and 402, I.R.C. 1954.

These statutes are not applicable. In general, section 401 sets forth the requirements for qualification of an employees' trust or pension plan so that contributions of the employer to the trust will be deductible and the income of the trust exempt. Section 402(a)(2) merely provides that where, under certain circumstances, the total distribution payable to an employee is paid within 1 taxable year then the amount of the payment, to the extent that it exceeds the employee's contribution is to be treated as long-term capital gain. There is no need to quote these long statutes in full. Petitioner's entire case for capital gains treatment under these statutes falls in the first two lines of section 402(a)(2) which limits the statute and therefore any capital gains treatment to the "case of an employees' trust described in section 401(a)." Here we have no employees' trust. These statutes are so obviously inapplicable to the severance payment here involved that without further discussion we hold respondent was right in his determination that the $15,000 was taxable as ordinary income.

Petitioner introduced no evidence with respect to the depreciation issue and therefore respondent's determination as to that item is upheld. Since the remaining interest income adjustment in respondent's notice of deficiency is conceded to be correct, decision is rendered for respondent on the entire deficiency.

*Decision will be entered for the respondent.*

---

[1] The severance pay petitioner received is authorized under 10 U.S.C. sec. 8303(d)(3) giving 2 months' pay times "years service" but not more than $15,000 to honorably discharged officers of the Air Force if the officers are not eligible for retirement.